THE HONORABLE JAMAL N. WHITEHEAD

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JOHN ELLIOTT, RICARDO CAMARGO, JAVIER ROVIRA, and BRADLY SMITH,<br><br>Plaintiffs,<br><br>v.<br><br>VALVE CORPORATION,<br><br>Defendant. | No 2:24-cv-01218-JNW<br><br>**VALVE CORPORATION'S RESPONSE TO PLAINTIFFS' MOTION TO APPOINT HAGENS BERMAN SOBOL SHAPIRO LLP AND BUCHER LAW PLLC AS INTERIM CO-LEAD COUNSEL**<br><br>**NOTE ON MOTION CALENDAR:**<br>**October 25, 2024** |

VALVE CORPORATION'S RESPONSE TO PLAINTIFFS'
MOTION TO APPOINT HAGENS BERMAN – 1

**CORR CRONIN LLP**
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

**PRELIMINARY STATEMENT**

Hagens Berman Sobol Shapiro LLP ("Hagens") and Bucher Law PLLC ("Bucher") (collectively, "Proposed Class Counsel") portray themselves as the ideal lead class counsel team: a well-funded firm with extensive class action experience (Hagens, *see* Mot. at 7-10, 12)[1] and a firm that's "devoted thousands of hours" and "substantial firm resources" to "litigating Valve's anticompetitive conduct" (Bucher, *see id.* at 5-6). They detail how they "worked together [to] file the instant action," (*id.* at 6), after "successfully challenging Valve's arbitration provision," (*id.* at 2), and ask to be appointed co-lead counsel to "fairly recognize their extensive work in filing individual arbitration demands and the consumer class action against Valve." (*Id.*)

But Proposed Class Counsel's Motion ignores the irreconcilable conflict presented by Proposed Class Counsel's continued representation of individual putative class members in thousands of parallel, overlapping arbitrations against Valve. That conflict precludes Proposed Class Counsel from being appointed lead counsel, on an interim basis or otherwise.

Proposed Class Counsel acknowledges this conflict, alleging in the complaint that "[t]he prosecution of separate actions by individual Class members would create a risk of inconsistent or varying adjudications, establishing incompatible standards of conduct for [Valve]." (Compl. ¶ 176.) Yet Proposed Class Counsel admits in the Motion that Bucher represents over 50,000 putative class members as claimants in individual arbitrations before the AAA who assert the same claims and issues raised in this case. (Mot. at 5.) Critically, Bucher is taking positions in those arbitrations directly contrary to positions Proposed Class Counsel takes here, imperiling Plaintiffs' ability to pursue this action on a class-wide basis. Proposed Class Counsel's dual loyalty creates an incurable conflict of interest.

This putative class action is premised on the assertion that Proposed Class Counsel "won binding decisions" that the arbitration provision in Valve's Steam Subscriber Agreement ("SSA") was unenforceable and that those rulings apply to the entire class. (Compl. ¶ 13.) Following these

---

[1] All cites to "Mot." herein refer to the Motion to Appoint as Lead Counsel, Dkt. No. 25.

VALVE CORPORATION'S RESPONSE TO PLAINTIFFS' MOTION TO APPOINT HAGENS BERMAN – 1

**CORR CRONIN LLP**
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

rulings, Valve removed the arbitration provision and class action waiver in the now-superseded SSA ("Superseded SSA"). The updated SSA ("Current SSA") provides that all claims and disputes, including those that arose before the Current SSA, must proceed exclusively in court. Many putative class members have already affirmatively agreed to the Current SSA. Proposed Class Counsel contends that, in light of the Current SSA, "Valve consumers are authorized to proceed in federal court and seek collective relief through the class action vehicle." (Mot. at 5). In other words, when pursuing a class action, Proposed Class Counsel contends that the Superseded SSA's arbitration agreement was unenforceable and the Current SSA binds all members of the putative class.

Yet, Bucher takes the opposite position in the arbitrations that he is prosecuting on behalf of a subset of the putative class. There, Bucher contends (i) the Current SSA is unenforceable and does not bind putative class members and (ii) putative class members may proceed in arbitration under the Superseded SSA.

Courts in the Ninth Circuit and elsewhere have consistently held that counsel cannot simultaneously represent a class and prosecute either individual or class claims against the same defendants in a different proceeding, due to the mere potential for, or appearance of, a conflict of interest. Here, there is an actual conflict.

The Motion cannot be granted.

## BACKGROUND

**A.   In The *Wolfire* Class Action, Seven Individual Consumers Were Compelled to Arbitrate Their Disputes With Valve Under the Superseded SSA**

On April 27, 2021, a video game developer and seven consumers filed an antitrust lawsuit against Valve on behalf of a putative class of "[a]ll persons and entities who . . . purchased or sold a PC game on the Steam Store in the United States from January 28, 2017 through the present." (*See Wolfire Games LLC et al. v. Valve Corp.*, No 2:21-cv-00563 (W.D. Wash.), Dkt. 1 ¶ 231.) On June 23, 2021, Valve moved to compel the seven consumer plaintiffs to arbitrate their claims under the Superseded SSA and to stay their claims pending arbitration. (*Wolfire*, Dkt. 35 at 2.) Plaintiffs challenged the enforceability of the arbitration provision in the Superseded SSA on

VALVE CORPORATION'S RESPONSE TO PLAINTIFFS'
MOTION TO APPOINT HAGENS BERMAN – 2

CORR CRONIN LLP
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

unconscionability grounds. This Court granted Valve's motion but declined to address Plaintiffs' unconscionability challenge. (*Wolfire*, Dkt. 66.) The court explained it "must enforce the parties' agreement to have an arbitrator decide the broader question of whether the arbitration clause itself is unconscionable." *Wolfire Games, LLC v. Valve Corp.*, 2021 WL 4952220, at *2 (W.D. Wash. Oct. 25, 2021). "Accordingly, the question of unconscionability should be determined in arbitration." *Id.*

B. **Bucher Subsequently Threatens Valve With Thousands of Arbitrations then Commences Those Arbitrations**

Thereafter, Mr. Bucher created a client recruiting video. In it, he stated arbitration was preferable to class actions and it was "good news" Valve had an arbitration provision because "on average consumers in arbitration recover hundreds of times more than in a class action." (Fuchs Decl. ¶ 4.) Consistent with that view, in 2023, Bucher threatened to bring approximately 63,107 individual arbitrations on behalf of Steam subscribers based on the allegations similar to and overlapping with those in the *Wolfire* Complaint. Bucher then commenced 5,039 arbitrations with AAA, of which 601 are pending before merits arbitrators. (Fuchs Decl. ¶ 5.)

Bucher then moved to dismiss four of the arbitrations it had brought on the grounds the arbitration provision in the Superseded SSA was unenforceable. On July 8, 2024, an arbitrator granted those motions. (Compl. ¶¶ 13, 31.) The arbitrator—the first and only arbitrator to rule on this issue of enforceability—"rul[ed] that the arbitration provision was unenforceable." (*Id.* ¶ 31.)

C. **Proposed Class Counsel Files this Putative Class Action Asserting The Same Claims as in the Arbitrations on Behalf of a Class That Includes the Same Arbitration Claimants**

Shortly after those rulings, on August 9, 2024, Proposed Class Counsel filed this action against Valve. Plaintiffs assert the same claims brought in the arbitrations on behalf of a putative nationwide class of persons who bought games, or made in-game purchases, on Steam (Compl. ¶ 167). That putative class includes every individual Bucher continues to represent in arbitration. Based on the rulings Proposed Class Counsel obtained in arbitration, Plaintiffs allege that the arbitration provision in the Superseded SSA is unenforceable as to all members of a nationwide putative class. (Compl. ¶ 14.) Plaintiffs also allege that: (1) "[t]he prosecution of separate actions by individual Class members would create a risk of inconsistent or varying adjudications, establishing

VALVE CORPORATION'S RESPONSE TO PLAINTIFFS' MOTION TO APPOINT HAGENS BERMAN – 3

**CORR CRONIN LLP**
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

incompatible standards of conduct for Defendant"; and (2) "[t]his class action is superior to any other method for the fair and efficient adjudication of this legal dispute." (Compl. ¶¶ 176-77.)

**D.  Following the Arbitrator's Rulings that the Superseded SSA's Arbitration Provision Is Unenforceable, Valve Updates the SSA to Remove the Arbitration Provision**

After the arbitrator's rulings, on September 26, 2024, Valve updated the SSA to remove the arbitration provision and class action waiver. The Current SSA requires all claims, including claims that arose prior to the Current SSA, to proceed in Court. (*See* Fuchs Decl. Ex. 1 § 10.)

The Motion contends the Current SSA is valid and applies to all members of the putative class, including claimants in pending arbitrations. It echoes the Complaint's allegation that "Proposed Class Counsel challenged the enforceability of Valve's arbitration provision" and "won a binding decision rendering Valve's arbitration provision unenforceable" (Mot. at 1, 2, 5, 7) and claims Valve was "prompted [by that decision] to remove the arbitration provision from its terms of use, along with the associated class action waiver." (*Id.* at 5.) Proposed Class Counsel assert that because the Superseded SSA's arbitration agreement is unenforceable and Valve removed the arbitration provision from the SSA, "Valve consumers are authorized to proceed in federal court and seek collective relief through the class action vehicle." (Mot. at 5.)

**E.  Bucher Still Represents a Subset of Proposed Class Members in Arbitration, Where He Is Taking Positions Conflicting with Positions Proposed Class Counsel Take Here**

Bucher is taking positions directly contrary to the positions above in the arbitrations, where it argues that the arbitration provision in the Superseded SSA is enforceable and the Current SSA is invalid. Remarkably, the day after Valve removed the arbitration provision from the SSA and 49 days after filing this action, Bucher tried to commence 42,000 new consumer arbitrations based on the same allegations as in this action and pursuant to the unenforceable arbitration provision in the Superseded SSA. (Fuchs Decl., Ex. 2.) The AAA refused to administer these attempted arbitrations. (*Id.* Ex. 3.)

Bucher also recently filed a state court action on behalf of an arbitration claimant (a putative class member) asking the court to reinstate an arbitrator the AAA disqualified. *Beer v. Valve Corp.*,

VALVE CORPORATION'S RESPONSE TO PLAINTIFFS' MOTION TO APPOINT HAGENS BERMAN – 4

**CORR CRONIN LLP**
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

No. 24STCP03209 (Cal. Super. Ct. Oct. 4, 2024). That request is nonsensical if the Superseded SSA's arbitration provision is invalid (as the Complaint pleads).

Valve asked the AAA to administratively close the pending arbitrations in light of its removal of the arbitration provision from the SSA. (Fuchs. Decl., Ex. 4.) Bucher *opposed* that request, arguing the Superseded SSA's arbitration provision remains valid and enforceable. (*Id.* Ex 5.) In light of Bucher's opposition, the AAA declined to close pending arbitrations and deferred the issue to a court or merits arbitrators. (*Id.* Ex. 6.)

Bucher has in other ways argued to various arbitrators that the Superseded SSA's arbitration provision is enforceable, the Current SSA is invalid, and the pendency of this action is irrelevant. (*Id.* ¶¶ 14-15.) As one arbitrator summarized: "from Valve's point of view, there's no jurisdiction here and from a claimant's point of view, we just go full speed ahead." (*Id.* ¶ 13.) In two recent letters to AAA arbitrators, Bucher provided a laundry list of reasons why the Current SSA is unenforceable. (*Id.* Ex. 7 at 5-6; Ex. 8 at 1-2.)

Mr. Bucher does not deny taking positions in the arbitrations that are inconsistent with positions taken in this action. (*Id.* ¶ 16.) Bucher's co-counsel in the arbitrations even acknowledged the inconsistency. (*Id.* ("Yeah, I won't deny that Will [Bucher] made those representations on behalf of those clients [in *Elliott*]. But he has not made that argument for these three clients [in arbitration] nor have I.  And, you know, black letter law, lawyers are allowed to make different arguments for different clients, and that's – we all do that, you know, for whatever reasons.").)

## ARGUMENT

### A. Proposed Class Counsel's Dual Representation of Class Members and Arbitration Claimants Creates Divided Loyalties Precluding Its Appointment as Lead Counsel

Proposed Class Counsel's loyalties are divided between (i) individual arbitration claimants who are also putative class members and (ii) the putative class. Those divided loyalties foreclose service as interim co-lead counsel.

"The responsibility of class counsel to absent class members whose control over their attorneys is limited does not permit even the appearance of divided loyalties of counsel." *Kayes v.*

VALVE CORPORATION'S RESPONSE TO PLAINTIFFS' MOTION TO APPOINT HAGENS BERMAN – 5

**CORR CRONIN LLP**
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

*Pac. Lumber Co.*, 51 F.3d 1449, 1465 (9th Cir. 1995) (citation omitted). For that reason, "[c]ourts have consistently held that counsel cannot simultaneously represent a class and prosecute either individual or class claims against the same defendants in a different proceeding . . . ." 1 McLaughlin on Class Actions § 4:39 (20th ed.) (collecting cases); *see also Lou v. Ma Lab'ys, Inc.*, 2014 WL 68605, at *2 (N.D. Cal. Jan. 8, 2014) (denying class counsel appointment because "[w]hen there are different plaintiffs in different actions proceeding at the same time with the same claims, same counsel, and same defendants, the risk of counsel compromising one class for another is intensified"); *Krim v. pcOrder.com, Inc.*, 210 F.R.D. 581, 590 (W.D. Tex. 2002) (denying appointment to counsel representing plaintiffs in two separate cases against same defendant because "the case law deems the *appearance* of conflict problematic, and actual and apparent conflict currently exist"); *Kurczi v. Eli Lilly & Co.*, 160 F.R.D. 667, 679 (N.D. Ohio 1995) (denying appointment to counsel who represented a putative class alleging it was harmed by defendant's pharmaceuticals while representing individual plaintiffs in parallel action making same allegations against same defendant).

Though there are actual, demonstrable conflicts here, the mere appearance of a conflict is enough to disqualify counsel. In *Kayes,* the Ninth Circuit explained: "[p]laintiffs argue that because the conduct of the litigation has shown no manifestation of divided loyalties, requiring withdrawal was improper. Plaintiffs misunderstand the law. The 'appearance' of divided loyalties refers to differing and potentially conflicting interests and is not limited to instances manifesting such conflict." *Kayes*, 51 F.3d at 1465 (denying appointment to counsel who represented other plaintiffs against same defendant for similar claims due to appearance of divided loyalties).

Overlapping representations are inherently conflicted because they risk favoring one subset of the class over another. *See, e.g., Lou*, 2014 WL 68605, at *2 (denying class counsel appointment to lawyers who represented California employees in a state court class action and all employees nationwide in a similar action in federal court, explaining: "[d]efendants have an incentive to settle all claims at once, if it settles at all, thereby creating opportunities for counsel to manipulate the allocation of settlement dollars. A class in this case deserves to be championed by its counsel

VALVE CORPORATION'S RESPONSE TO PLAINTIFFS'
MOTION TO APPOINT HAGENS BERMAN – 6

**CORR CRONIN LLP**
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

unencumbered by their duties to other clients. Counsel have a conflict and may not serve"); *Krim*, 210 F.R.D. at 590 (noting class counsel could take actions that could be in one set of plaintiffs' interests, but not class's interest). Likewise, "[e]very decision to hasten or delay the litigation on behalf of one set of plaintiffs could alternately harm or benefit the other set of plaintiffs" and counsel could also prioritize the individual plaintiffs over the class and 'sell out' the absent class members. *Kurczi*, 160 F.R.D. at 679 (denying appointment of class counsel who represented a class and plaintiffs in a parallel action making the same allegations against the same defendant because "potential class members are at risk that counsel will trade off the interests of certain of its clients to the detriment of other clients").

Proposed Class Counsel's representation of both the putative class and individual claimants in the arbitrations creates these same types of conflicts and divided loyalties, giving rise to the risk counsel could (i) trade off interests in some cases for others, (ii) take actions in one set of cases that could harm the other, (iii) prioritize individual arbitration claimants over the class and sell out the absent class members, or (iv) try to settle all claims at once, thereby creating opportunities to manipulate the allocation of settlement dollars.

Importantly, these conflicts exist regardless of whether the putative class is defined to include those claimants for whom Bucher is pursuing arbitrations (which it currently undoubtedly does), because the claims would still substantively overlap and create the same risks identified above. *See, e.g., Kayes*, 51 F.3d at 1465 (holding that an apparent conflict existed even without actual overlap between the two actions). Of course, here the arbitration claimants are squarely within the putative class definition.

In addition, Proposed Class Counsel may have conflicting incentives arising from differing compensation arrangements in the two sets of cases. A publicly available copy of Bucher's retainer agreement requires arbitration claimants to pay 40% of any recovery plus costs. (Fuchs Decl. Ex. 9.) And prior to commencing the arbitrations, Mr. Bucher authored a presentation to a third-party litigation funder regarding plans to "weaponize[]" the arbitration provision between Valve and Steam

VALVE CORPORATION'S RESPONSE TO PLAINTIFFS' MOTION TO APPOINT HAGENS BERMAN – 7

**CORR CRONIN LLP**
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

users to generate an "1874% ROI on $6.5 million investment." (Ex. 1 to Declaration of William Bucher, *Zaiger LLC v. Bucher Law PLLC*, Index No. 154124/2023 (Sup. Ct. N.Y. Cnty. filed May 9, 2023) (NYCEF No. 32), at 3, 9.) The presentation lays out Bucher's plan to recruit 75,000 clients and threaten Valve with arbitration on behalf of those clients, thus exposing Valve to potentially millions of dollars of arbitration fees alone. (*Id.* at 3 ("[a]ggregating claims makes [the] entrance fee to just defend prohibitively expensive" to the business).) Thus, Bucher is using the arbitrations as part of a strategy to generate large fees for himself and large returns for his third-party funder, which again points to divided loyalties and calls into question Bucher's ability to represent the interests of the class.

The exact arrangements (financial or otherwise) between Bucher and Berman is unknown. But they certainly presented themselves to this Court as a united front that "filed arbitration demands for thousands of Valve consumers" and "challenged the enforceability of Valve's Arbitration provision in a series of individual arbitrations." (Mot. at 1.)[2] Proposed Class Counsel may favor arbitration claimants over the class if it believes its compensation through arbitration would be higher than in this action, especially because only the latter would be subject to Court approval.

Proposed Class Counsel implicitly acknowledges these conflicts, alleging "[t]he prosecution of separate actions by individual putative class members would create a risk of inconsistent or varying adjudications, establishing incompatible standards of conduct for Defendant." (Compl. ¶ 176.) These conflicts are especially acute because Proposed Class Counsel seeks to represent a class of consumers. "Class counsel owe a fiduciary obligation of particular significance to their clients when the class members are consumers, who ordinarily lack both the monetary stake and the sophistication in legal and commercial matters that would motivate and enable them to monitor the

---

[2] The motion indicates that Proposed Class Counsel is collaborating on the arbitrations, though does not disclose how or to what extent. (*See, e.g.,* Mot. at 2 ("appointing Proposed Class Counsel as interim co-lead counsel fairly recognizes their work in filing individual arbitration demands . . .").)

VALVE CORPORATION'S RESPONSE TO PLAINTIFFS'
MOTION TO APPOINT HAGENS BERMAN – 8

**CORR CRONIN LLP**
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

efforts of class counsel on their behalf." *Creative Montessori Learning Ctrs. v. Ashford Gear LLC*, 662 F.3d 913, 917 (7th Cir. 2011).

**B.    Proposed Class Counsel's Positions in the Arbitrations Create Actual Conflicts Between the Proposed Simultaneous Representations of Arbitration Claimants and Putative Class Members**

Proposed Class Counsel's effort to bring this action on behalf of a putative class depends on the unenforceability of the arbitration provision in the Superseded SSA. (*See supra* I.D.) But on behalf of a subset of putative class members in the arbitrations, Bucher is claiming the Current SSA is invalid, and the Superseded SSA's arbitration provision is enforceable. (*See supra* I.E.) These contradictory positions likely breach counsel's fiduciary duties to the putative class. *See, e.g., Stone v. Advance Am.*, 2009 WL 4722924, at *3 (S.D. Cal. Dec. 4, 2009) ("It is well established that counsel for plaintiff has a fiduciary relationship with putative class members . . . 'once the class complaint is filed.' . . . to protect the substantive legal rights of putative class members that form the basis of the class action suit from prejudice in an action against the class defendant resulting from the actions of class counsel." (citations omitted)); *see also* Fed. R. Civ. P. 23(g)(2)(A) advisory committee's note to 2003 amendment ("Whether or not formally designated interim counsel, an attorney who acts on behalf of the class before certification must act in the best interests of the class as a whole.").

Mr. Bucher may also be violating his ethical responsibilities under Rule 1.7 of the Washington Rules of Professional Conduct ("RPC") and other states, such as New York where he is admitted. This rule provides that a conflict of interest exists if "there is a significant risk that the representation of one or more clients will be materially limited by the lawyer's responsibilities to another client." RPC 1.7(a)(2). Bucher's representation of the named plaintiffs in this action, on whose behalf he is seeking to certify a class, is materially limited by his representation of arbitration claimants for whom he is advocating that the Superseded SSA's arbitration provision remains valid.

Proposed Class Counsel is thus conflicted in advising clients whether to pursue arbitration or participate in the class action, *e.g.*, while it might be in an individual client's best interest to decide to participate in the class action, Bucher might want to keep that client's arbitrations in place and

VALVE CORPORATION'S RESPONSE TO PLAINTIFFS' MOTION TO APPOINT HAGENS BERMAN – 9

**CORR CRONIN LLP**
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

"discourage him from doing so." *Krim*, 210 F.R.D. at 590. This appears to already be happening to a substantial extent: many of Bucher's clients affirmatively accepted the Current SSA and its requirement they proceed in court. (Fuchs Decl. ¶ 19). Yet, Bucher continues to improperly prosecute arbitrations on their behalf. (*Id.*)

This also undermines Plaintiffs' ability to obtain class certification here because the Ninth Circuit holds that a class cannot be certified where putative class members are subject to arbitration or where arbitrability must be individually determined. *See O'Connor v. Uber Techs., Inc.*, 904 F.3d 1087, 1094-95 (9th Cir. 2018) (decertifying a class because district court's "determinations that the requirements of Rule 23 were satisfied, was premised upon the district court's conclusion that the arbitration agreements were not enforceable"); *see also Lawson v. Grubhub, Inc.*, 13 F.4th 908, 913 (9th Cir. 2021) (affirming denial of certification because most members of proposed class were subject to arbitration).

**C.  Proposed Class Counsel Ignore Their Conflicts**

Proposed Class Counsel's Motion proposes the combination of Hagens and Bucher as the perfect marriage of Bucher's knowledge and experience litigating against Valve with Hagens' class action experience. It tells a story of close collaboration between the two firms in the lead up to this action. (*See* Mot. at 1-2 ("Proposed Class Counsel . . . filed arbitration demands for thousands of Valve customers" and "challenged the enforceability of Valve's arbitration provision in a series of individual arbitrations," then "[u]pon receiving the orders voiding the arbitration provision, Proposed Class Counsel promptly filed a proposed class action").)

Yet rather than address the conflicts created by the ongoing arbitrations brought on behalf of a subset of the putative class, Proposed Class Counsel simply denies them. (*See* Compl. ¶ 14 ("By successfully challenging Valve's arbitration provision, Plaintiffs have demonstrated their ability to vigorously prosecute this action on behalf of the proposed class. Moreover, unlike the only other consumers to have challenged Valve's PMFN, the Plaintiffs in this case will not be undermined by any conflict of interest."); ¶ 172 ("Plaintiffs' counsel have no interests that are adverse to, conflict

VALVE CORPORATION'S RESPONSE TO PLAINTIFFS'
MOTION TO APPOINT HAGENS BERMAN – 10

**CORR CRONIN LLP**
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

with, or are antagonistic to the interests of the Class (or Sub-Class)."); ¶ 173 ("Plaintiffs themselves will fairly and adequately protect and represent the interests of the Class (and Sub-Class). The interests of Plaintiffs are coincident with, and not antagonistic to, those of the Class (and Sub-Class). Accordingly, by proving their own claims, Plaintiffs will prove other class members' claims as well."); ¶ 174 ("There is an alignment of interests, and no conflict of interest.").) Ironically, Proposed Class Counsel conceals its conflict of interest while identifying a purported conflict of interest of other potential putative class counsel. (Compl. ¶ 14 ("In the Wolfire action, the same lawyers have purported to represent both consumers and game publishers challenging Valve's PMFN. But while these groups may each wish to challenge Valve's conduct, their interests diverge irreconcilably, particularly when it comes to assessing the anticompetitive effects of the PMFN and measuring damages.").)

While Hagens is not counsel of record in the arbitrations, Proposed Class Counsel's Motion details a cozy relationship and close collaboration between Bucher and Hagens. Both firms are compromised by the conflicts laid out above, and neither firm is suited for any role as class counsel. *See, e.g., Fund of Funds, Ltd. v. Arthur Andersen & Co.*, 567 F.2d 225, 299 (2d Cir. 1977) (disqualifying co-counsel based on "close working relationship" between the two firms, the instrumental role the original firm played in having the co-counsel selected, and the original firm's help to the second firm in advancing the lawsuit).

## CONCLUSION

In view of the foregoing, Proposed Class Counsel cannot represent the class while any arbitrations remain pending.

DATED this 17th day of October 2024.

I certify that this memorandum contains 3,930 words, in compliance with the Local Civil Rules.

CORR CRONIN LLP

*s/ Blake Marks-Dias*
Blake Marks-Dias, WSBA No. 28169

VALVE CORPORATION'S RESPONSE TO PLAINTIFFS'
MOTION TO APPOINT HAGENS BERMAN – 11

**Corr Cronin LLP**
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

|   |   |
|---|---|
| 1 | Todd T. Williams, WSBA No. 45032 |
| 2 | Eric A. Lindberg, WSBA No. 43596 |
|   | 1015 Second Avenue, Floor 10 |
| 3 | Seattle, WA 98104 |
|   | (206) 625-8600 Phone |
| 4 | (206) 625-0900 Fax |
|   | bmarksdias@corrcronin.com |
| 5 | twilliams@corrcronin.com |
|   | elindberg@corrcronin.com |

Todd T. Williams, WSBA No. 45032
Eric A. Lindberg, WSBA No. 43596
1015 Second Avenue, Floor 10
Seattle, WA  98104
(206) 625-8600 Phone
(206) 625-0900 Fax
bmarksdias@corrcronin.com
twilliams@corrcronin.com
elindberg@corrcronin.com

Robert E. Day, *Admitted Pro Hac Vice*
Jessica Rizzo, *Admitted Pro Hac Vice*
MONTGOMERY McCRACKEN WALKER & RHOADS LLP
1735 Market Street, 21st Floor
Philadelphia, PA 19103
Telephone (215) 772-1500
rday@mmwr.com
jrizzo@mmwr.com

Michael W. McTigue Jr., *Admitted Pro Hac Vice*
Meredith Slawe, *Admitted Pro Hac Vice*
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
One Manhattan West
New York, NY 10001
meredith.slawe@skadden.com
michael.mctigue@skadden.com

*Attorneys for Defendant Valve Corporation*

VALVE CORPORATION'S RESPONSE TO PLAINTIFFS' MOTION TO APPOINT HAGENS BERMAN – 12

**CORR CRONIN LLP**
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900