1

2

3

4

5

6

7

8

9

10

HON. JAMAL N. WHITEHEAD

## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF WASHINGTON
## AT SEATTLE

11

12

13

14

15

16

17

JOHN ELLIOTT, RICARDO CAMARGO,
JAVIER ROVIRA, and BRADLEY SMITH,

                         Plaintiffs,

     v.

VALVE CORPORATION,

                         Defendant.

Case No. 2:24-cv-01218-JNW

**CONSUMER PLAINTIFFS'
MOTION TO INTERVENE**

**NOTE ON MOTION CALENDAR:
November 8, 2024**

18

## I.    INTRODUCTION

19

20

21

22

23

24

25

26

Sean Colvin, Susann Davis, Hope Marchionda, Everett Stephens, and the putative consumer class in *In re Valve Antitrust Litigation* (Case No. 2:21-cv-00563-JNW) ("Consumer Plaintiffs") request leave to intervene in this matter for the limited purposes of (1) opposing the Motion of Plaintiffs John Elliott, Ricardo Camargo, Javier Rovira, and Bradley Smith (the "*Elliott* Plaintiffs") to Appoint Hagens Berman Sobol Shapiro LLP and Bucher Law PLLC as Interim Co-Lead Class Counsel (hereinafter referred to as the "Hagens and Bucher Motion for Appointment") and (2) pursuing consolidation of this matter with *In re Valve Antitrust Litigation*, as noted in Consumer's Notice of Motion to Consolidate, filed at ECF No. 30.   Intervening Consumer

VORYS, SATER, SEYMOUR AND PEASE LLP
52 East Gay Street
Columbus, OH  43215
Tel: (614) 464-6400

Plaintiffs are absent members of the class proposed by the *Elliott* Plaintiffs (a duplicative class that is already subsumed by first-filed consumer claims in *In re Valve Antitrust Litigation*).  Consumer Plaintiffs should be granted limited intervention as a matter of right under Fed. R. Civ. P. 24(a)(2).  In the alternative, this Court should grant Consumer Plaintiffs permissive leave to intervene under Fed. R. Civ. P. 24(b)(1)(B).  Consumer Plaintiffs submit their opposition to the Hagens and Bucher Motion for Appointment (ECF No. 25), in lieu of any pleading.  *See* Fed. R. Civ. P. 24(c).  A copy of Consumer Plaintiffs' opposition brief is attached hereto.  (*See* Exhibit A-1 to the Declaration of Kenneth J. Rubin ("Rubin Decl."), attached hereto as Exhibit A.)

## II.    STATEMENT OF FACTS

Almost four years ago, Consumer Plaintiffs filed a lawsuit against Valve, *Sean Colvin et al. v. Valve Corp. et al.* (Case No. 2:21-cv-00801 C.D. Cal.), that is now pending as *In re Valve Antitrust Litigation*.  *Colvin et al.*, ECF No. 36; *In re Valve Antitrust Litigation*, ECF Nos. 29, 90; (Rubin Decl. ¶ 3).  From the inception of that litigation, Consumer Plaintiffs asserted claims against Valve—the same claims the *Elliott* Plaintiffs belatedly seek to pursue in the above-captioned matter.  *See Elliott et al.*, ECF No. 2 at 1 ("Plaintiffs in each case allege that Valve has used anticompetitive pricing and other restraints to unlawfully monopolize the market for [personal computer] game distribution."); (Rubin Decl. ¶ 4).

Approximately two months after the *Elliott* case was filed, Hagens Berman Sobol Shapiro LLP and Bucher Law PLLC moved for appointment as interim co-lead class counsel.  *See* Hagens and Bucher Motion for Appointment, ECF No. 25.  The Hagens and Bucher Motion for Appointment is in direct conflict with Consumer Plaintiffs' Motion to Consolidate and Appoint Vorys, Sater, Seymour and Pease LLP as Interim Lead Class Counsel for the Consumer Plaintiffs in *In re Valve Antitrust Litigation*.  ECF No. 30 at Ex. 1; (Rubin Decl. ¶ 5).

In the Hagens and Bucher Motion for Appointment, the *Elliott* Plaintiffs take aim at Consumer Plaintiffs and their counsel.  ECF No. 25 at 4, 5, 6–7, 9.  For example, the Hagens and Bucher Motion for Appointment repeatedly accuses *Wolfire* counsel—which includes counsel for Consumer Plaintiffs—of having a conflict preventing them from representing consumers.  ECF

VORYS, SATER, SEYMOUR AND PEASE LLP
52 East Gay Street
Columbus, OH  43215
Tel: (614) 464-6400

No. 25 at 6–7, 9 ("To the extent developer counsel in the *Wolfire* action seek to represent consumers as well, an irreconcilable conflict prevents them from doing so."); (Rubin Decl. ¶ 6). Additionally, the Hagens and Bucher Motion for Appointment discusses the procedural history of *In re Valve Antitrust Litigation* as background for its own case, and cites to the *In re Valve Antitrust Litigation* docket to do so, demonstrating how inextricably linked the *Elliott* case is with the Consumer Plaintiffs' case. ECF No. 25 at 4, 5, 6–7 ("In 2021, a group of game developers and game consumers filed a class action complaint in the United States District Court for the Western District of Washington, alleging that Valve engages in anticompetitive practices to monopolize PC gaming markets."); (Rubin Decl. ¶ 7). Finally, the Hagens and Bucher Motion for Appointment makes statements that are grossly misleading about the Consumer Plaintiffs. *See*, *e.g.*, ECF No. 25 at 6 ("There currently is no other consumer case against Valve challenging Valve's PMFN."); (Rubin Decl. ¶ 8).

Given the various statements and allegations made about Consumer Plaintiffs and their counsel in the *Elliott* case—pending an order from this Court on Consumer Plaintiffs' motion to consolidate[1]—Consumer Plaintiffs should be permitted to intervene in the *Elliott* case to address these allegations. Indeed, Consumer Plaintiffs seek to intervene in the *Elliott* case to ensure Consumer Plaintiffs' rights are protected and their opposition to the Hagens and Bucher Motion for Appointment is considered by the Court. (Rubin Decl. ¶ 9.)

## III.   LAW AND ARGUMENT

### a.   Consumer Plaintiffs Should Be Granted Leave to Intervene as a Matter of Right Pursuant to Fed. R. Civ. P. 24(a).

Rule 24(a)(2) requires a court to permit intervention of right by a movant who "claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." The Ninth Circuit

---

[1] Should this Court grant Consumer Plaintiffs' Motion to Consolidate (ECF No. 373 in Case No. 2:21-cv-00563-JNW), the instant Motion to Intervene will be rendered moot.

VORYS, SATER, SEYMOUR AND PEASE LLP
52 East Gay Street
Columbus, OH  43215
Tel: (614) 464-6400

employs a four-part test to determine whether intervention should be granted as a matter of right: (1) the motion to intervene must be timely; (2) the proposed intervenor must have a "significant protectable interest relating to the property or transaction that is the subject of the action"; (3) the disposition of the action may, as a practical matter, impede that interest; and (4) the existing parties must not adequately represent that interest. *Donnelly v. Glickman*, 159 F.3d 405, 409 (9th Cir. 1998).

### i. Consumer Plaintiffs' Motion is Timely.

In determining timeliness, three factors are weighed: (1) the stage of the proceeding at which an applicant seeks to intervene; (2) the prejudice to other parties; and (3) the reason for and length of the delay. *United States v. State of Oregon*, 745 F.2d 550, 552 (9th Cir. 1984). Mere lapse of time alone is not determinative. *Id*.

Intervening Consumer Plaintiffs' motion is timely. It is being submitted early in the proceedings along with Consumer Plaintiffs' opposition to the Hagens and Bucher Motion for Appointment before the Court has ruled on said motion. In light of this, the parties will not suffer any prejudice if intervention is granted. *See Citizens for Balanced Use v. Mont. Wilderness Ass'n*, 647 F.3d 893, 897 (9th Cir. 2011) (holding that the "traditional features of a timely motion" to intervene include the fact that "[t]he motion to intervene was made at an early stage of the proceedings, the parties would not have suffered prejudice from the grant of intervention at that early stage, and intervention would not cause disruption or delay in the proceedings").

### ii. Consumer Plaintiffs Have Significant Protectible Interests Relating to the Claims in the *Elliott* Case That Will Be Impeded Upon Disposition of the *Elliott* Case.

To determine whether an intervenor has demonstrated the significantly protectable interest necessary for intervention of right, the operative inquiry is whether "the [asserted] interest is protectable under some law," and whether "there is a relationship between the legally protected interest and the claims at issue." *Sierra Club v. EPA*, 995 F.2d 1478, 1484 (9th Cir.1993).

VORYS, SATER, SEYMOUR AND PEASE LLP
52 East Gay Street
Columbus, OH 43215
Tel: (614) 464-6400

Here, the Consumer Plaintiffs have an interest in their claims against Valve in *In re Valve Antitrust Litigation*, which are the same claims the *Elliott* Plaintiffs seek to assert in this matter on behalf of a putative class. Indeed, the putative *Elliott* class purports to include the Consumer Plaintiffs. The *Elliott* Plaintiffs' counsel acknowledge as much in their Notice of Related Case. ECF No. 2 at 1 ("Plaintiffs in each case assert claims under Sections 1 and 2 of the Sherman Act, as well as violations of Washington's Consumer Protection Act" and "Plaintiffs in each case allege that Valve has used anticompetitive pricing and other restraints to unlawfully monopolize the market for PC game distribution."). It necessarily follows, therefore, that the disposition of the *Elliott* case (to the extent it were to remain as a stand-alone action) would impact, impede, and even potentially impair the Consumer Plaintiffs' claims in *In re Valve Antitrust Litigation*.

*Elliott* Plaintiffs may argue—as they have in the Hagens and Butcher Motion for Appointment—that the *Elliott* Plaintiffs and the Consumer Plaintiffs are "two distinct groups of plaintiffs." ECF No. 25 at 4. Even if that were the case—which it is not—an intervenor's claims need not be exact mirrors of one another to give rise to a right to intervene. *See Wilderness Soc. v. U.S. Forest Serv*., 630 F.3d 1173, 1179 (9th Cir. 2011). Rather, to determine whether a sufficient relationship exists, a court should consider whether the prospective intervenors' participation would promote the "efficient resolution of issues," *United States v. City of Los Angeles*, 288 F.3d 391, 397 (9th Cir. 2002), and if it appears that they may "suffer a practical impairment of [their] interests as a result of the pending litigation." *California ex rel. Lockyer v. United States*, 450 F.3d 436, 441 (9th Cir. 2006). That is certainly true here. The underlying claims in both cases involve common questions of law and fact, and arise from the same related transactions, happenings, and events. Both cases involve antitrust claims asserted on behalf of consumer plaintiffs regarding the same anticompetitive conduct against the same Defendant—Valve. Thus, Consumer Plaintiffs have protectible interests relating to the claims in their case that will be impeded upon disposition of the *Elliott* case.

MOTION TO INTERVENE - 5
Case No. 2:24-cv-01218-JNW

VORYS, SATER, SEYMOUR AND PEASE LLP
52 East Gay Street
Columbus, OH  43215
Tel: (614) 464-6400

### iii.  The *Elliott* Plaintiffs and Their Counsel Do Not Adequately Represent Consumer Plaintiffs' Interests.

The Ninth Circuit considers three factors in deciding whether a present party adequately represents the interests of a prospective intervenor:

> (1) whether the interest of a present party is such that it will undoubtedly make all of a proposed intervenor's arguments; (2) whether the present party is capable and willing to make such arguments; and (3) whether a proposed intervenor would offer any necessary elements to the proceeding that other parties would neglect.

*Arakaki v. Cayetano*, 324 F.3d 1078, 1086 (9th Cir. 2003) (citing *California v. Tahoe Reg'l Planning Agency*, 792 F.2d 775, 778 (9th Cir. 1986)).

For the reasons set forth in Consumer Plaintiffs' Motion to Consolidate and Appoint Interim Lead Class Counsel (ECF No. 30 at Ex. 1) and the attached opposition to the Hagens and Bucher Motion for Appointment, the *Elliott* Plaintiffs and their counsel do not—and cannot—adequately represent Consumer Plaintiffs' interests, thus warranting intervention by the Consumer Plaintiffs.  In fact, in an attempt to distance themselves from the Consumer Plaintiffs as part of a leadership bid strategy, the *Elliott* Plaintiffs have advised this Court that they do not represent the Consumer Plaintiffs and that their actions, claims, and putative class are separate and distinct from the putative consumer class in *In re Valve Antitrust Litigation*.  By the *Elliott* Plaintiffs' own admission, they will not adequately represent the Consumer Plaintiffs' interests and thus the Consumer Plaintiffs should be permitted to intervene.

### b.  Consumer Plaintiffs Should be Granted Permissive Leave to Intervene Pursuant to Fed. R. Civ. P. 24(b)(1)(B).

To the extent that this Court finds that Consumer Plaintiffs should not be permitted to intervene as a matter of right, Consumer Plaintiffs request that this Court grant Consumer Plaintiffs permissive leave to intervene under Fed. R. Civ. P. 24(b)(1)(B).

"Permissive intervention to litigate a claim on the merits under Rule 24(b) requires (1) an independent ground for jurisdiction; (2) a timely motion; and (3) a common question of law and

MOTION TO INTERVENE - 6
Case No. 2:24-cv-01218-JNW

VORYS, SATER, SEYMOUR AND PEASE LLP
52 East Gay Street
Columbus, OH  43215
Tel: (614) 464-6400

fact between the movant's claim or defense and the main action." *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 473 (9th Cir. 1992); *see also* Fed. R. Civ. P. 24(b)(1)(B) (permitting anyone to intervene who "has a claim or defense that shares with the main action a common question of law or fact"). "If these conditions are met, then the question of whether a party will be allowed to intervene is within the sound discretion of the trial court." *Bureerong v. Uvawas*, 167 F.R.D. 83, 86 (C.D. Cal. 1996). "In exercising its discretion, the court must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights." Fed. R. Civ. P. 24(b)(3).

The reasons set forth above for why Consumer Plaintiffs should be permitted to intervene as a matter of right are equally applicable to Consumer Plaintiffs' alternative request to be granted permissive leave to intervene. This Court has jurisdiction over the interests and claims of the Consumer Plaintiffs and the *Elliott* Plaintiffs (*see* Part III.a.ii., *infra*), the Consumer Plaintiffs' motion is timely (*see* Part III.a.i., *infra*), and there are common questions of law and fact between the Consumer Plaintiffs' claims and those in the *Elliott* case. *See* Part III.a.ii., *infra*.

## IV.   CONCLUSION

For the reasons set forth above, Consumer Plaintiffs respectfully request that the Court grant them leave to intervene as a matter of right under Fed. R. Civ. P. 24(a)(2) for the limited purpose of (1) opposing the Hagens and Bucher Motion for Appointment and (2) pursuing consolidation of this matter with *In re Valve Antitrust Litigation*. In the alternative, Consumer Plaintiffs respectfully request that this Court grant Consumer Plaintiffs permissive leave to intervene under Fed. R. Civ. P. 24(b)(1)(B).

DATED: October 17, 2024.

MOTION TO INTERVENE - 7
Case No. 2:24-cv-01218-JNW

VORYS, SATER, SEYMOUR AND PEASE LLP
52 East Gay Street
Columbus, OH  43215
Tel: (614) 464-6400

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

Respectfully submitted,

ROMERO PARK PS

*/s/ H. Troy Romero*
H. Troy Romero, WSBA #19044
1019 W. James St., Ste. 102
Kent, Washington 98032
Tel: (425) 450-5000
tromero@romeropark.com

VORYS, SATER, SEYMOUR AND PEASE LLP[2]

*/s/ Kenneth Rubin*
Kenneth J. Rubin *(pro hac vice)*
Timothy B. McGranor *(pro hac vice)*
Douglas R. Matthews *(pro hac vice)*
Kara M. Mundy *(pro hac vice)*
52 East Gay Street
Columbus, OH  43215
Telephone:  (614) 464-6400
Fax:  (614) 464-6350
Email: kjrubin@vorys.com
          tbmcgranor@vorys.com
          drmatthews@vorys.com
          kmmundy@vorys.com

Thomas N. McCormick *(pro hac vice)*
4675 MacArthur Court
Suite 700
Newport Beach, CA  92660
Telephone/Fax:  (949) 526-7903
Email:  tnmccormick@vorys.com

*Attorneys for Sean Colvin, Susann Davis, Hope Marchionda, Everett Stephens, and the putative class in Case No. 2:21-cv-00563-JNW.*

---

[2] Kenneth Rubin, Timothy McGranor, Douglas Matthews, Kara Mundy, and Thomas McCormick are admitted *pro hac vice* in *In re Valve Antitrust Litigation* (Case No. 2:21-cv-00563-JNW).

VORYS, SATER, SEYMOUR AND PEASE LLP
52 East Gay Street
Columbus, OH  43215
Tel: (614) 464-6400

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

## CERTIFICATE OF SERVICE

I hereby certify that on this day I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all CM/ECF recipients.

DATED: October 17, 2024.

*/s/ H. Troy Romero*
H. Troy Romero, WSBA #19044

CERTIFICATE OF SERVICE
Case No. 2:24-cv-01218-JNW

VORYS, SATER, SEYMOUR AND PEASE LLP
52 East Gay Street
Columbus, OH  43215
Tel: (614) 464-6400

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

## <u>**LCR 7 CERTIFICATION**</u>

I certify that this memorandum contains 2,216 words, in compliance with the Local Civil Rules.

DATED: October 17, 2024.

*/s/ H. Troy Romero*

H. Troy Romero, WSBA #19044

LCR-7 CERTIFICATION
Case No. 2:24-cv-01218-JNW

VORYS, SATER, SEYMOUR AND PEASE LLP
52 East Gay Street
Columbus, OH  43215
Tel: (614) 464-6400

HON. JAMAL N. WHITEHEAD

1

2

3

4

5

6

7

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON**
**AT SEATTLE**

8

9

10

11   JOHN ELLIOTT, RICARDO CAMARGO,        Case No. 2:24-cv-01218-JNW
      JAVIER ROVIRA, and BRADLEY SMITH,
12
                              Plaintiffs,      **[PROPOSED] ORDER GRANTING**
13                                             **MOTION TO INTERVENE**

14         v.

15   VALVE CORPORATION,

16                              Defendant.

17         Now before the Court is the Motion to Intervene of Sean Colvin, Susann Davis, Hope

18   Marchionda, Everett Stephens, and the putative consumer class in *In re Valve Antitrust Litigation*

19   (Case No. 2:21-cv-00563-JNW).

20         The Court has carefully reviewed the motion and its accompanying submissions, and

21   hereby GRANTS the motion.

22         IT IS SO ORDERED.

23   Dated this _____ day of _____, 2024.

24

25                                             _____
                                               Hon. Jamal N. Whitehead
26                                             UNITED STATES DISTRICT JUDGE

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

Presented by:

ROMERO PARK PS

*/s/ H. Troy Romero*
H. Troy Romero, WSBA #19044
1019 W. James St., Ste. 102
Kent, Washington 98032
Tel: (425) 450-5000
tromero@romeropark.com

VORYS, SATER, SEYMOUR AND PEASE LLP

*/s/ Kenneth Rubin*
Kenneth J. Rubin *(pro hac vice)*
Timothy B. McGranor *(pro hac vice)*
Douglas R. Matthews *(pro hac vice)*
Kara M. Mundy *(pro hac vice)*
52 East Gay Street
Columbus, OH  43215
Telephone:  (614) 464-6400
Fax:  (614) 464-6350
Email:    kjrubin@vorys.com
             tbmcgranor@vorys.com
             drmatthews@vorys.com
             kmmundy@vorys.com

Thomas N. McCormick *(pro hac vice)*
4675 MacArthur Court
Suite 700
Newport Beach, CA  92660
Telephone/Fax:  (949) 526-7903
Email:  tnmccormick@vorys.com

*Attorneys for Sean Colvin, Susann Davis,*
*Hope Marchionda, Everett Stephens, and the*
*putative class in Case No. 2:21-cv-00563-JNW.*

[PROPOSED] ORDER GRANTING
MOTION TO INTERVENE - 3
Case No. 2:24-cv-01218-JNW

VORYS, SATER, SEYMOUR AND PEASE LLP
52 East Gay Street
Columbus, OH  43215
Tel: (614) 464-6400