1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

HON. JAMAL N. WHITEHEAD

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON**
**AT SEATTLE**

JOHN ELLIOTT, RICARDO CAMARGO,
JAVIER ROVIRA, and BRADLEY SMITH,

                              Plaintiffs,

        v.

VALVE CORPORATION,

                              Defendant.

Case No. 2:24-cv-01218-JNW

***IN RE VALVE ANTITRUST LITIGATION***
**(CASE NO. 2:21-CV-00563-JNW)**
**CONSUMER PLAINTIFFS'**
**OPPOSITION TO PLAINTIFFS'**
**MOTION TO APPOINT HAGENS**
**BERMAN SOBOL SHAPIRO LLP AND**
**BUCHER LAW PLLC AS INTERIM CO-**
**LEAD CLASS COUNSEL**

NOTE ON MOTION CALENDAR:
October 23, 2024

OPPOSITION TO MOTION TO
APPOINT LEADERSHIP
Case No. 2:24-cv-01218-JNW

VORYS, SATER, SEYMOUR AND PEASE LLP
52 East Gay Street
Columbus, OH  43215
Tel: (614) 464-6400

# TABLE OF CONTENTS

**Page**

I.  INTRODUCTION ................................................................................................ 1

II.  STATEMENT OF FACTS .................................................................................. 1

III.  LAW AND ARGUMENT ................................................................................... 2

    A.  Vorys developed and filed the first antitrust action against Valve on behalf of consumers .......................................................................................... 3

        1.  The *Elliott* case is not distinct from the consumer class claims against Valve filed first by Vorys in *In re Valve Antitrust Litigation* ........................................................................................ 3

        2.  Hagens and Bucher piggybacked off of and used Vorys' work to bring this action ................................................................................. 5

    B.  Vorys has spent substantially more time and resources litigating the merits of the claims against Valve than Hagens and Bucher have for the *Elliott* Plaintiffs ................................................................................................. 6

    C.  Vorys does not have a conflict preventing it from serving as interim lead class counsel .......................................................................................... 7

IV.  CONCLUSION .................................................................................................... 9

OPPOSITION TO MOTION TO
APPOINT LEADERSHIP
Case No. 2:24-cv-01218-JNW

VORYS, SATER, SEYMOUR AND PEASE LLP
52 East Gay Street
Columbus, OH  43215
Tel: (614) 464-6400

# TABLE OF AUTHORITIES

**Page**

**Cases**

*Cummings v. Connell*, 316 F.3d 886 (9th Cir. 2003) ................................................................. 3, 8

*Granata v. Pratt & Whitney*, No. 3:21-CV-01657 (SVN), 2022 U.S. Dist. LEXIS
    43347 (D. Conn. Mar. 11, 2022) .......................................................................................... 5

*In re Amazon Return Pol'y Litig.*, No. 2:23-cv-1372, 2024 U.S. Dist. LEXIS 30916
    (W.D. Wash. Feb. 22, 2024) ............................................................................................. 3, 6

*In re Clearview AI, Inc.*, No. 21 C 0135, 2021 U.S. Dist. LEXIS 44262 (N.D. Ill.
    Mar. 10, 2021) ................................................................................................................... 6

*In re Interest Rate Swaps Antitrust Litig.*, Nos. 16-MD-2704 (PAE), 16-MC-2704
    (PAE), 2016 U.S. Dist. LEXIS 101959 (S.D.N.Y. Aug. 3, 2016) ................................... 3, 5, 6

*In re LIBOR-Based Fin. Instruments Antitrust Litig.*, No. 11 MD 2262 (NRB), 2011
    U.S. Dist. LEXIS 122735 (S.D.N.Y. Oct. 18, 2011) ...................................................... 3

*In re Online DVD-Rental Antitrust Litig.*, 779 F.3d 934 (9th Cir. 2015) ......................................... 8

*In re Valve Antitrust Litigation* (Case No. 2:21-cv-00563-JNW) ........................................... passim

*Melville v. Hop Energy, LLC*, Nos. 21-cv-10406, 23-cv-7318, 2024 U.S. Dist.
    LEXIS 89469 (S.D.N.Y. May 17, 2024) ............................................................................. 9

*Michelle v. Arctic Zero, Inc.*, No. 12cv2063-GPC(NLS), 2013 U.S. Dist. LEXIS
    30229 (S.D. Cal. Mar. 1, 2013) ......................................................................................... 6

*Ohio v. Am. Express Co.*, 585 U.S. 529 (2018) ............................................................................... 8

*Pfaff v. Washington*, No. 07-5280RJB, 2007 U.S. Dist. LEXIS 90257 (W.D. Wash.
    Nov. 27, 2007) ................................................................................................................ 3, 8

*Sean Colvin et al. v. Valve Corp. et al.* (Case No. 2:21-cv-00801 C.D. Cal.) ................... 1, 4, 5, 6

*Soc. Servs. Union, Local 535, etc. v. Cnty. of Santa Clara*, 609 F.2d 944 (9th. Cir.
    1979) .................................................................................................................................. 9

*US Airways, Inc. v. Sabre Holdings Corp.*, 938 F.3d 43 (2d Cir. 2019) ...................................... 8

*Zaiger LLC v. Bucher L. PLLC*, No. 15124/2023 (N.Y. Sup. Ct.) ............................................... 5

**Rules**

Fed. R. Civ. P. 23 ........................................................................................................................ 2

Fed. R. Civ. P. 23(a)(4) ............................................................................................................... 8

OPPOSITION TO MOTION TO
APPOINT LEADERSHIP
Case No. 2:24-cv-01218-JNW

VORYS, SATER, SEYMOUR AND PEASE LLP
52 East Gay Street
Columbus, OH  43215
Tel: (614) 464-6400

Fed. R. Civ. P. 23(g)(1)(A) ........................................................................................ 2, 3

Fed. R. Civ. P. 23(g)(1)(A)(i) ..................................................................................... 6

Fed. R. Civ. P. 23(g)(3) .............................................................................................. 2

OPPOSITION TO MOTION TO
APPOINT LEADERSHIP
Case No. 2:24-cv-01218-JNW

VORYS, SATER, SEYMOUR AND PEASE LLP
52 East Gay Street
Columbus, OH  43215
Tel: (614) 464-6400

## I. INTRODUCTION

Nearly four years ago, on January 28, 2021, Vorys, Sater, Seymour and Pease LLP ("Vorys") filed the first putative class action on behalf of consumers alleging that Valve Corporation ("Valve") was violating antitrust laws by monopolizing the market for personal computer game distribution through anticompetitive pricing practices. Just over two months ago, Hagens Berman Sobol Shapiro LLP and Bucher Law PLLC ("Hagens and Bucher") filed suit on behalf of a putative class of consumers alleging these same claims against the same defendant. Not only do Hagens and Bucher include the same claims in their 2024 complaint that Vorys (and co-counsel) included in 2021 (in both Vorys' original and amended complaints), in many instances they use the exact same words. In bringing this action, Hagens and Bucher piggybacked off of years of investigation, discovery, and litigation that Vorys initiated. This behavior does not serve the best interests of the class or justify an appointment for them as interim lead class counsel, particularly when Vorys, the firm that spent the time and resources laying the groundwork to bring this class action, is seeking appointment as interim lead class counsel in the first-filed action.

As an interested party, the consumer plaintiffs in *In re Valve Antitrust Litigation* (Case No. 2:21-cv-00563-JNW) ("Consumer Plaintiffs") respectfully request that this Court deny Plaintiffs' Motion to Appoint Hagens and Bucher as Interim Co-Lead Class Counsel.

## II. STATEMENT OF FACTS

Almost four years ago, Vorys filed suit on behalf of five named plaintiffs and all others similarly situated pursuing the same claims that Hagens and Bucher now allege. *Sean Colvin et al. v. Valve Corp. et al.* (Case No. 2:21-cv-00801 C.D. Cal.), ECF No. 1; *Elliott et al.*, ECF No. 2 at 1 ("Plaintiffs in each case allege that Valve has used anticompetitive pricing and other restraints to unlawfully monopolize the market for [personal computer] game distribution."); (Declaration of Kenneth J. Rubin ("Rubin Decl."), attached hereto as Exhibit A, ¶ 3). Through subsequent transfers and consolidations, the *Colvin* litigation is now pending as *In re Valve Antitrust Litigation* (Case No. 2:21-cv-00563-JNW). *Colvin et al.*, ECF No. 36; *In re Valve Antitrust Litigation*, ECF

OPPOSITION TO MOTION TO
APPOINT LEADERSHIP - 1
Case No. 2:24-cv-01218-JNW

VORYS, SATER, SEYMOUR AND PEASE LLP
52 East Gay Street
Columbus, OH  43215
Tel: (614) 464-6400

Nos. 29, 90; (Rubin Decl. ¶ 4).[1]  Vorys moved for appointment as interim lead class counsel for consumers in that case following more than three years of work litigating the same antitrust claims against Valve at issue here.  *In re Valve Antitrust Litigation*, ECF No. 373; (Rubin Decl. ¶ 7).

On August 9, 2024, Hagens and Bucher filed suit on behalf of John Elliott, Ricardo Camargo, Javier Rovira, and Bradley Smith (the "*Elliott* Plaintiffs") pursuing antitrust claims against Valve for charging inflated prices and controlling the market through its platform most-favored-nations policy ("PMFN").  ECF No. 1.  Hagens and Bucher moved for appointment as interim co-lead class counsel approximately two months later.  ECF No. 25.

### III.    LAW AND ARGUMENT

As set forth in Consumer Plaintiffs' Notice of Motion to Consolidate (ECF No. 30), this Court should consolidate the *Elliott* case with the first-filed case asserting consumer claims against Valve in *In re Valve Antitrust Litigation*, and appoint Vorys as lead counsel for consumer claims in that first filed case.  Hagens and Bucher's copycat effort to be named lead counsel for such claims should not be countenanced.

Federal Rule of Civil Procedure 23 allows this Court to "designate interim counsel to act on behalf of a putative class before determining whether to certify the action as a class action."  Fed. R. Civ. P. 23(g)(3).  To decide whether an applicant should be selected as class counsel, courts evaluate "(i) the work counsel has done in identifying or investigating potential claims in the action; (ii) counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action; (iii) counsel's knowledge of the applicable law; and (iv) the resources that counsel will commit to representing the class."  Fed. R. Civ. P. 23(g)(1)(A); *In re Amazon Return Pol'y Litig.*, No. 2:23-cv-1372, 2024 U.S. Dist. LEXIS 30916, at *5 (W.D. Wash.

---

[1] When this Court stayed the Consumer Plaintiffs' claims in *In re Valve Antitrust Litigation* on October 25, 2021, the operative consumer complaint was found at ECF No. 34.  (Rubin Decl. ¶ 10.)  The fact that the putative developer class in that case subsequently amended their complaint without consumer claims—indeed, given the stay of the consumer claims, any amendment *could not* include those claims—does not change the fact that, when this Court lifts the stay of the consumers' claims, there will be an operative complaint with live consumer claims.

OPPOSITION TO MOTION TO
APPOINT LEADERSHIP - 2
Case No. 2:24-cv-01218-JNW

VORYS, SATER, SEYMOUR AND PEASE LLP
52 East Gay Street
Columbus, OH  43215
Tel: (614) 464-6400

Feb. 22, 2024).

The first factor—"the work counsel has done in identifying or investigating potential claims in the action"—is of great importance and can be dispositive, particularly in cases when all lead counsel applicants satisfy the other Rule 23(g)(1)(A) factors. *In re Amazon Return Pol'y Litig.*, 2024 U.S. Dist. LEXIS 30916, at *7. Courts also view initiative favorably and appoint firms that are first to identify claims, conduct independent investigations, and file complaints as interim lead class counsel. *See*, *e.g.*, *In re Interest Rate Swaps Antitrust Litig.*, Nos. 16-MD-2704 (PAE), 16-MC-2704 (PAE), 2016 U.S. Dist. LEXIS 101959, at *27–28 (S.D.N.Y. Aug. 3, 2016).

Additionally, Hagens and Bucher should not be permitted to try and improve their chances of a leadership bid by manufacturing a speculative conflict. A speculative conflict does not prevent a law firm from serving as interim lead class counsel. *Pfaff v. Washington*, No. 07-5280RJB, 2007 U.S. Dist. LEXIS 90257, at *15–16 (W.D. Wash. Nov. 27, 2007); *see also Cummings v. Connell*, 316 F.3d 886, 896 (9th Cir. 2003).

### A. Vorys developed and filed the first antitrust action against Valve on behalf of consumers.

Hagens and Bucher argue that this Court should appoint them as interim co-lead class counsel in the *Elliott* case because they filed a distinct action and put a lot of time into their case. For the reasons below, these arguments are belied by reality.

#### 1. The *Elliott* case is not distinct from the consumer class claims against Valve filed first by Vorys in *In re Valve Antitrust Litigation*.

Hagens and Bucher contend that this Court should "divide plaintiffs into two putative classes and appoint interim lead counsel for each class" because this case and *In re Valve Antitrust Litigation* involve "two distinct groups of plaintiffs." ECF No. 25 at 4 (quoting *In re LIBOR-Based Fin. Instruments Antitrust Litig.*, No. 11 MD 2262 (NRB), 2011 U.S. Dist. LEXIS 122735, at *12–13 (S.D.N.Y. Oct. 18, 2011)).

To the extent the *Elliott* Plaintiffs argue they are distinct because they are the only class of consumers challenging Valve's platform most-favored-nations requirements, this allegation is

OPPOSITION TO MOTION TO
APPOINT LEADERSHIP - 3
Case No. 2:24-cv-01218-JNW

VORYS, SATER, SEYMOUR AND PEASE LLP
52 East Gay Street
Columbus, OH  43215
Tel: (614) 464-6400

1   incorrect.  ECF No. 25 at 6.  From 2021 until the present, Vorys has represented a putative class

2   of consumers challenging Valve's platform most-favored-nations policies.  (Rubin Decl. ¶ 8.)

3   Vorys filed a complaint alleging these antitrust claims on January 28, 2021 (*Colvin et al. v. Valve*

4   *Corp. et al.*, Case No. 2:21-cv-00801 C.D. Cal.) and continuously represented the Consumer

5   Plaintiffs through the case's transfer to the Western District of Washington, consolidation with the

6   *Wolfire* action, stay pending arbitration, and recently renewed litigation following Valve's removal

7   of the mandatory arbitration clause in its subscriber agreement.  *See Colvin et al.*, ECF Nos. 1, 36;

8   *In re Valve Antitrust Litigation*, ECF Nos. 29, 34, 66, 362, 370, 373; (Rubin Decl. ¶ 9).

9       To the extent the *Elliott* Plaintiffs argue they are distinct because they allege different

10   claims from the Consumer Plaintiffs, this assertion is also false.  Hagens and Bucher acknowledge

11   as much in their Notice of Related Case—"Plaintiffs in each case assert claims under Sections 1

12   and 2 of the Sherman Act, as well as violations of Washington's Consumer Protection Act" and

13   "Plaintiffs in each case allege that Valve has used anticompetitive pricing and other restraints to

14   unlawfully monopolize the market for PC game distribution."  ECF No. 2 at 1.

15       The *Elliott* Plaintiffs' claims are duplicative of the Consumer Plaintiffs' claims, so

16   consolidation is the appropriate procedure here.  *See Abbott*, 2023 U.S. Dist. LEXIS 202954, at *4

17   (consolidating class actions involving "the same defendant and overlapping factual and legal issues

18   . . . [t]o promote judicial economy, ensure consistent results, and to streamline matters overall").

19   Maintaining two separate class actions under these circumstances would result in two rounds of

20   discovery, motions, and trial for the same claims against the same defendant.

21       To the extent the *Elliott* Plaintiffs argue they are distinct because their class action is at a

22   different stage of litigation than the Consumer Plaintiffs' case, this assertion is unpersuasive.  First,

23   both the Consumer Plaintiffs and the *Elliott* Plaintiffs are in the pre-class certification stage,

24   making them well-suited for consolidation.  (Rubin Decl. ¶ 11.)  Second, Vorys counsel has been

25   heavily involved in discovery of Valve over the past two years and has extensive knowledge of

26   the facts relating to these claims.  (*Id.* ¶ 13.)  Given this familiarity, Vorys will not need to take

OPPOSITION TO MOTION TO
APPOINT LEADERSHIP - 4
Case No. 2:24-cv-01218-JNW

VORYS, SATER, SEYMOUR AND PEASE LLP
52 East Gay Street
Columbus, OH  43215
Tel: (614) 464-6400

much if any additional discovery and is thus poised to reach the class certification and trial stages of litigation much faster than Hagens and Bucher can. (*Id.*) In this case, judicial economy favors consolidation, not separation.

### 2. Hagens and Bucher piggybacked off of and used Vorys' work to bring this action.

A concerning amount of Hagens and Bucher's Class Action Complaint repeats—word for word—allegations from the Consolidated Amended Class Action Complaint in *In re Valve Antitrust Litigation* authored by Vorys and co-counsel. (Rubin Decl. ¶ 12.) Exhibit A-1, attached to the Rubin Declaration, provides forty examples of the *Elliott* Complaint parroting the exact same language used in the *In re Valve Antitrust Litigation* Amended Complaint. (Rubin Decl. ¶ 12, Ex. A-1); *compare In re Antitrust Litigation*, ECF No. 34, *with Elliott et al.*, ECF No. 1.

Vorys, the firm that conducted an independent year-plus-long investigation and laid the groundwork for antitrust class actions against Valve, should be recognized for those efforts and appointed interim lead class counsel, not Hagens and Bucher, the firm that copied that work. *Granata v. Pratt & Whitney*, No. 3:21-CV-01657 (SVN), 2022 U.S. Dist. LEXIS 43347, at \*19–20 (D. Conn. Mar. 11, 2022) (appointing counsel who were first to identify claims and did not "piggyback[] on an existing government investigation" as interim class counsel); *In re Interest Rate Swaps Antitrust Litig.*, 2016 U.S. Dist. LEXIS 101959, at \*27–28 (appointing counsel because they undertook an "independent investigation" and "catalyzed the filing of the later actions"); (Rubin Decl. ¶ 14).

To say that Vorys' work catalyzed the filing of the *Elliott* action is an understatement. In an affidavit submitted to the Supreme Court of the State of New York, Mr. Bucher attached a June 6, 2022 "Mass Arbitration Slide Deck," which "contemplated bringing a mass arbitration against Valve for their anti-competitive pricing restraints." *Zaiger LLC v. Bucher L. PLLC*, No. 15124/2023 (N.Y. Sup. Ct.), William Bucher May 9, 2023, Affidavit, attached as Exhibit A-2 to Rubin Decl. (Rubin Decl. ¶ 16, Ex. A-2.) The Mass Arbitration Slide Deck—prepared nearly a

OPPOSITION TO MOTION TO
APPOINT LEADERSHIP - 5
Case No. 2:24-cv-01218-JNW

VORYS, SATER, SEYMOUR AND PEASE LLP
52 East Gay Street
Columbus, OH  43215
Tel: (614) 464-6400

year and a half after Vorys filed the *Colvin* action—explained Bucher's plan for a "passive approach" to "[m]onitor court dockets for motions to compel class actions to arbitration, *and copycat existing legal theories* with potentially better advertising approach." *Id.* (emphasis added). The already pending Valve litigation was the exemplar candidate for this copycat approach. *Id.*

**B.    Vorys has spent substantially more time and resources litigating the merits of the claims against Valve than Hagens and Bucher have for the *Elliott* Plaintiffs.**

"The work counsel has done in identifying or investigating potential claims in the action" is an important, and can be a dispositive, component of the interim lead class counsel analysis. Fed. R. Civ. P. 23(g)(1)(A)(i); *In re Amazon Return Pol'y Litig.*, 2024 U.S. Dist. LEXIS 30916, at *7. Vorys has done more work investigating and litigating the merits of the antitrust claims and proving Valve's anticompetitive conduct than Hagens and Bucher. (Rubin Decl. ¶ 17.) This work demonstrates Vorys' preparation and commitment to the class members and the case. *See In re Amazon Return Pol'y Litig.*, 2024 U.S. Dist. LEXIS 30916, at *7 (appointing counsel who "spent substantially more time and resources advancing the interests of the class" and filed the first case because it demonstrates their "preparation and commitment to prosecuting the case"); *In re Clearview AI, Inc.*, No. 21 C 0135, 2021 U.S. Dist. LEXIS 44262, at *2–3 (N.D. Ill. Mar. 10, 2021) (appointing counsel who "has taken the lead in aggressively moving this litigation forward" and filed the first of the multidistrict cases); *In re Interest Rate Swaps Antitrust Litig.*, 2016 U.S. Dist. LEXIS 101959, at *27–29 (appointing counsel who filed the first class action complaint after "undertaking an independent investigation," which involved interviewing witnesses and experts); *Michelle v. Arctic Zero, Inc.*, No. 12cv2063-GPC(NLS), 2013 U.S. Dist. LEXIS 30229, at *12–13 (S.D. Cal. Mar. 1, 2013) (appointing counsel who "conducted more research and investigation in developing the case").

The direct comparisons speak for themselves. Vorys began working on developing these consumer antitrust claims against Valve in 2019, whereas Bucher Law PLLC began doing so in early 2023—by copying Vorys' work. *Compare* (Rubin Decl. ¶¶ 12, 18), *with* ECF No. 27 ¶ 2.

OPPOSITION TO MOTION TO
APPOINT LEADERSHIP - 6
Case No. 2:24-cv-01218-JNW

VORYS, SATER, SEYMOUR AND PEASE LLP
52 East Gay Street
Columbus, OH  43215
Tel: (614) 464-6400

Vorys filed its complaint on January 28, 2021, whereas Hagens and Bucher filed theirs on August 9, 2024. *Compare Colvin et al.*, ECF No. 1, *with* ECF No. 25 at 9. Vorys attorneys have spent more than 6,000 hours litigating antitrust claims against Valve, whereas Bucher Law attorneys claim they have spent more than 4,000 hours doing so.[2] *Compare* (Rubin Decl. ¶ 19), *with* ECF No. 27 ¶ 5.

Other aspects of Vorys' work are incomparable. For example, Vorys started a factual investigation into Valve's business practices on the Steam platform around August 2019. (Rubin Decl. ¶ 20.) During this investigatory period, Vorys spoke with several economists and retained a well-credentialed economist specializing in these issues to vet the economic theories at play. (*Id.*) Additionally, Vorys attorneys spent over 1,000 hours reviewing and coding the more than 2.5 million documents produced by Valve in *In re Valve Antitrust Litigation*. (*Id.* ¶ 21.) Vorys took four depositions in *In re Valve Antitrust Litigation* and assisted lead interim class counsel for the developers extensively with the depositions and reports of two experts. (*Id.* ¶ 22.)

Hagens and Bucher argue their "extensive work in filing individual arbitration demands and the consumer class action against Valve" justifies their appointment as interim class counsel. ECF No. 25 at 5. But Vorys has done work actually investigating and then litigating the merits of the antitrust claims and proving Valve's anticompetitive conduct. (Rubin Decl. ¶ 17.) Thus, Hagens and Bucher's argument, taken to its logical end, supports appointing Vorys as interim lead class counsel instead.

### C.    Vorys does not have a conflict preventing it from serving as interim lead class counsel.

---

[2] Although Mr. Bucher asserts in his declaration that "Bucher Law PLLC attorneys have spent more than 4,000 hours litigating these antitrust cases against Valve Corporation," 4,000 hours have not elapsed since Hagens and Bucher filed their complaint on August 9, 2024. ECF No. 27 ¶ 5. Thus, this number likely encompasses Hagens and Bucher's work marketing to consumers and arbitrating claims against Valve, none of which involves obtaining discovery from Valve. By contrast, Vorys' 6,000 hours stem solely from its work in investigating and developing the class litigation against Valve, and then prosecuting those claims in litigation, which all works to the benefit of Consumer Plaintiffs' claims. (Rubin Decl. ¶ 19.)

OPPOSITION TO MOTION TO
APPOINT LEADERSHIP - 7
Case No. 2:24-cv-01218-JNW

VORYS, SATER, SEYMOUR AND PEASE LLP
52 East Gay Street
Columbus, OH  43215
Tel: (614) 464-6400

1   Vorys does not have an "irreconcilable conflict"—as Hagens and Bucher characterize it—

2   preventing it from serving as lead counsel.  ECF 25 at 9.  This allegation is speculative at best, and

3   Hagens and Bucher cite no case law to support it.[3]  *See id.* at 6–7, 8–9.  Courts refrain from

4   disqualifying counsel based on speculative or trivial conflicts, like the one alleged here.  *In re*

5   *Online DVD-Rental Antitrust Litig.*, 779 F.3d 934, 942 (9th Cir. 2015) ("Only conflicts that are

6   fundamental to the suit and that go to the heart of the litigation prevent a plaintiff from meeting

7   the Rule 23(a)(4) adequacy requirement."); *Cummings*, 316 F.3d at 896 (speculative damages are

8   insufficient to create an adequacy of representation concern).

9       Plaintiffs for both sides of a two-sided platform have a unity of interests, not a conflict.

10   *Ohio v. Am. Express Co.*, 585 U.S. 529, 544–47 (2018) ("*Amex*") (concluding that it is necessary

11   to establish anticompetitive effects on the "two-sided market . . . *as a whole*" to demonstrate

12   anticompetitive harm by a two-sided transaction platform, so merely showing effects on one side

13   of the platform is insufficient to carry the plaintiffs' burden) (emphasis added).  Vorys' role as

14   lead counsel in the consumer case and an executive committee member in the developer case does

15   not create a conflict.  (Rubin Decl. ¶ 23.)  Instead, it makes Vorys uniquely qualified to prove

16   anticompetitive effects on both sides of the Steam platform, as *Amex* requires.  (*Id.*)

17       While the law is unsettled in this Circuit, the Second Circuit has found that neither side of

18   a platform—here, consumers and developers—can keep the entire overcharged damages amount

19   against a two-sided platform, so they need to follow a damages model allocating some portion of

20   the overcharges to the other "side" of the platform.  *See US Airways, Inc. v. Sabre Holdings Corp.*,

21   938 F.3d 43, 59 (2d Cir. 2019).  Vorys and lead interim class counsel's expert for the putative

22   developer class has created a damages model that analyzes how to calculate total damages on both

23

24   [3] Instead, Hagens and Bucher cite to previous arguments made by counsel in *In re Valve Antitrust*

25   *Litigation*.  ECF No. 25 at 9.  But this Court permitted Vorys to serve as an Executive Committee
     member for the developers in *In re Valve Antitrust Litigation* while representing Consumer

26   Plaintiffs.  *In re Valve Antitrust Litigation*, ECF No. 92.  In fact, the counsel whose arguments
     Hagens and Bucher rely on ultimately became part of this leadership structure.  *Id.*

OPPOSITION TO MOTION TO          VORYS, SATER, SEYMOUR AND PEASE LLP
APPOINT LEADERSHIP - 8           52 East Gay Street
Case No. 2:24-cv-01218-JNW       Columbus, OH  43215
                                 Tel: (614) 464-6400

sides of the Valve platform while avoiding duplicative damages or inconsistent theories.  (Rubin Decl. ¶ 24.)

Even if a conflict exists between the consumers and developers, it is not a fundamental one preventing Vorys from serving as interim lead class counsel.  *See Pfaff*, 2007 U.S. Dist. LEXIS 90257, at *15–16 (appointing interim class counsel despite allegations of a damages conflict between members of the class because "[t]he potential conflicts raised by [competing] counsel are speculative and do not warrant separate counsel at this time"); *Melville v. Hop Energy, LLC*, Nos. 21-cv-10406, 23-cv-7318, 2024 U.S. Dist. LEXIS 89469, at *7–8 (S.D.N.Y. May 17, 2024) (appointing interim class counsel despite allegations of a damages conflict because "Defendant present[ed] little evidence of an actual conflict, beyond the fact that both cases involve recovery from the same Defendant"); *cf. Soc. Servs. Union, Local 535, etc. v. Cnty. of Santa Clara*, 609 F.2d 944, 948 (9th. Cir. 1979) ("Mere speculation as to conflicts that may develop at the remedy stage is insufficient to support denial of initial class certification[4].").  Hagens and Bucher have done little more than sling a conclusory conflict allegation at Vorys—one unsupported by law and insufficient to bar Vorys from serving as interim lead class counsel.

## IV.    CONCLUSION

For the reasons discussed above, the *In re Valve Antitrust Litigation* Consumer Plaintiffs respectfully request that this Court deny Plaintiffs' Motion to Appoint Hagens Berman Sobol Shapiro LLP and Bucher Law PLLC as Interim Co-Lead Class Counsel.

DATED: October 17, 2024.

---

[4] Indeed, in the developer part of the case, Vorys is the executive committee member working with and under the direction of four lead interim class counsel firms.  (Rubin Decl. ¶ 6.)

OPPOSITION TO MOTION TO
APPOINT LEADERSHIP - 9
Case No. 2:24-cv-01218-JNW

VORYS, SATER, SEYMOUR AND PEASE LLP
52 East Gay Street
Columbus, OH  43215
Tel: (614) 464-6400

Respectfully submitted,

ROMERO PARK PS

*/s/ H. Troy Romero*
H. Troy Romero, WSBA #19044
1019 W. James St., Ste. 102
Kent, Washington 98032
Tel: (425) 450-5000
tromero@romeropark.com

VORYS, SATER, SEYMOUR AND PEASE LLP[5]

*/s/ Kenneth Rubin*
Kenneth J. Rubin *(pro hac vice)*
Timothy B. McGranor *(pro hac vice)*
Douglas R. Matthews *(pro hac vice)*
Kara M. Mundy *(pro hac vice)*
52 East Gay Street
Columbus, OH 43215
Telephone: (614) 464-6400
Fax: (614) 464-6350
Email: kjrubin@vorys.com
         tbmcgranor@vorys.com
         drmatthews@vorys.com
         kmmundy@vorys.com

Thomas N. McCormick *(pro hac vice)*
4675 MacArthur Court
Suite 700
Newport Beach, CA 92660
Telephone/Fax: (949) 526-7903
Email: tnmccormick@vorys.com

*Attorneys for Sean Colvin, Susann Davis, Hope Marchionda, Everett Stephens, and the putative class in Case No. 2:21-cv-00563-JNW.*

---

[5] Kenneth Rubin, Timothy McGranor, Douglas Matthews, Kara Mundy, and Thomas McCormick are admitted pro hac vice in *In re Valve Antitrust Litigation* (Case No. 2:21-cv-00563-JNW).

OPPOSITION TO MOTION TO
APPOINT LEADERSHIP - 10
Case No. 2:24-cv-01218-JNW

VORYS, SATER, SEYMOUR AND PEASE LLP
52 East Gay Street
Columbus, OH 43215
Tel: (614) 464-6400

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

## **CERTIFICATE OF SERVICE**

I hereby certify that on this day I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all CM/ECF recipients.

DATED: October 17, 2024.

*/s/ H. Troy Romero*
H. Troy Romero, WSBA #19044

CERTIFICATE OF SERVICE
Case No. 2:24-cv-01218-JNW

VORYS, SATER, SEYMOUR AND PEASE LLP
52 East Gay Street
Columbus, OH  43215
Tel: (614) 464-6400

## **LCR 7 CERTIFICATION**

I certify that this memorandum contains 3,282 words, in compliance with the Local Civil Rules.

DATED: October 17, 2024.

*/s/ H. Troy Romero*
H. Troy Romero, WSBA #19044

LCR-7 CERTIFICATION
Case No. 2:24-cv-01218-JNW

VORYS, SATER, SEYMOUR AND PEASE LLP
52 East Gay Street
Columbus, OH 43215
Tel: (614) 464-6400