THE HONORABLE JAMAL N WHITEHEAD

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JOHN ELLIOTT, RICARDO CAMARGO, JAVIER ROVIRA, and BRADLEY SMITH,<br><br>Plaintiffs,<br><br>v.<br><br>VALVE CORPORATION,<br><br>Defendant. | Case No. 2:24-cv-01218-JNW<br><br>**OMNIBUS REPLY IN SUPPORT OF MOTION TO APPOINT HAGENS BERMAN SOBOL SHAPIRO LLP AND BUCHER LAW PLLC AS INTERIM CO-LEAD CLASS COUNSEL**<br><br>**NOTE FOR MOTION CALENDAR**: October 23, 202 |

OMNIBUS REPLY ISO MOTION TO APPOINT INTERIM CO-LEAD CLASS COUNSEL -
CASE NO. 2:24-CV-01218-JNW
011258-11/2848483 V1



HAGENS BERMAN
1301 Second Avenue, Suite 2000, Seattle, WA 98101
(206) 623-7292 OFFICE   (206) 623-0594 FAX

**TABLE OF CONTENTS**

**Page(s)**

I.   PRELIMINARY STATEMENT ..................................................................................1

II.  ARGUMENT................................................................................................................2

    A.   Vorys' opposition does not meaningfully engage its conflict or the applicable Rule 23(g) factors. ...................................................................2

        1.   Vorys has a disqualifying conflict of interest. ............................................2

        2.   Vorys' experience does not compare with *Elliott* Counsel's.......................3

        3.   Vorys' efforts on behalf of *consumers* are limited. ....................................4

    B.   Valve's opposition to facing *Elliott* Counsel confirms that *Elliott* Counsel can best represent the Consumer Class. ........................................6

        1.   Defendants do not get to select their preferred opponent. ...........................6

        2.   Valve is judicially estopped from opposing *Elliott* Counsel's appointment.................................................................................................6

        3.   *Elliott* Counsel do not have a conflict of interest.......................................7

        4.   Valve's grab bag of other asserted "conflicts" should be rejected. ....................................................................................................10

III. CONCLUSION..........................................................................................................12

OMNIBUS REPLY ISO MOTION TO APPOINT
INTERIM CO-LEAD CLASS COUNSEL - i
CASE NO. 2:24-CV-01218-JNW
011258-11/2848483 V1



1301 Second Avenue, Suite 2000, Seattle, WA 98101
(206) 623-7292 OFFICE    (206) 623-0594 FAX

**TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Amchem Prods., Inc. v. Windsor*,
    521 U.S. 591 (1997) ................................................................................................................ 12

*Bell v. Disner*,
    2018 WL 296035 (W.D.N.C. Jan. 4, 2018) ............................................................................... 8

*Bolding v. Banner Bank*,
    2021 WL 1171988 (W.D. Wash. Mar. 29, 2021) ...................................................................... 7

*Gutierrez-Bejar v. SOS Int'l, LLC*,
    2019 WL 5683901 (C.D. Cal. Nov. 1, 2019) ............................................................................ 8

*Hamilton v. State Farm Fire & Cas. Co.*,
    270 F.3d 778 (9th Cir. 2001) ..................................................................................................... 7

*Krim v. pcOrder.com, Inc.*,
    210 F.R.D. 581 (W.D. Tex. 2002) ............................................................................................. 9

*Kurczi v. Eli Lilly & Co.*,
    160 F.R.D. 667 (N.D. Ohio 1995) ............................................................................................. 9

*Lou v. Ma Labs., Inc.*,
    2014 WL 68605 (N.D. Cal. Jan. 8, 2014) .................................................................................. 8

*Lowery v. Spotify USA Inc.*,
    2016 WL 6818756 (C.D. Cal. May 23, 2016) ........................................................................... 4

*Mongue v. Wheatleigh Corp.*,
    2023 WL 5435918 (D. Mass. Aug. 23, 2023) ........................................................................... 8

*Napoleon v. Amazon.com, Inc.*,
    2024 WL 3652873 (W.D. Wash. Aug. 5, 2024) .................................................................. 3, 4

*O'Connor v. Uber Techs., Inc.*,
    904 F.3d 1087 (9th Cir. 2018) ................................................................................................. 11

*In re Pfizer Inc. Sec. Litig.*,
    282 F.R.D. 38 (S.D.N.Y. 2012) ................................................................................................. 6

*Rhodes v. Robinson*,
    621 F.3d 1002 (9th Cir. 2010) ................................................................................................... 5

*Rodriguez v. W. Publ'g Corp.*,
    563 F.3d 948 (9th Cir. 2009) ..................................................................................................... 9

OMNIBUS REPLY ISO MOTION TO APPOINT
INTERIM CO-LEAD CLASS COUNSEL - ii
CASE NO. 2:24-CV-01218-JNW
011258-11/2848483 V1

HAGENS BERMAN
1301 Second Avenue, Suite 2000, Seattle, WA 98101
(206) 623-7292 OFFICE    (206) 623-0594 FAX

*Sandoval v. M1 Auto Collisions Centers*,
    309 F.R.D. 549 (N.D. Cal. 2015) .................................................................................... 10

*Ruderman ex rel. Schwartz v. Wash. Nat'l Ins. Co.*,
    263 F.R.D. 670 (S.D. Fla. 2010) ....................................................................................... 9

*Stott v. Cap. Fin. Servs., Inc.*,
    277 F.R.D. 316 (N.D. Tex. 2011) ..................................................................................... 8

*In re Twitter Inc. Sec. Litig.*,
    326 F.R.D. 619 (N.D. Cal. 2018) ..................................................................................... 6

*Wallace v. Powell*,
    No. 2013 WL 2042369 (M.D. Pa. May 14, 2013) ........................................................... 8

*Whitman v. State Farm Life Ins. Co.*,
    2021 WL 4264271 (W.D. Wash. Sept. 20, 2021) ........................................................... 11

**Other Authorities**

Fed. R. Civ. P. 22(g)(1)(A)(ii) ................................................................................................... 4

Fed. R. Civ. P. 23(g)(1)(A)(ii) ................................................................................................... 3

Newberg and Rubenstein on Class Actions § 3:75 (6th ed.) ................................................. 7,8

McLaughlin on Class Actions § 4:39 (20th ed.) ....................................................................... 9

OMNIBUS REPLY ISO MOTION TO APPOINT
INTERIM CO-LEAD CLASS COUNSEL - iii
CASE NO. 2:24-CV-01218-JNW
011258-11/2848483 V1



HAGENS BERMAN
1301 Second Avenue, Suite 2000, Seattle, WA 98101
(206) 623-7292 OFFICE   (206) 623-0594 FAX

Plaintiffs John Elliott, Ricardo Camargo, Javier Rovira, and Bradley Smith (together *Elliott* Plaintiffs) and their counsel Hagens Berman Sobol Shapiro LLP and Bucher Law PLLC (*Elliott* Counsel) submit this Omnibus Reply[1] in Support of Motion to Appoint Hagens Berman Sobol Shapiro LLP and Bucher Law PLLC as Interim Co-Lead Class Counsel for Consumers.

## I.    PRELIMINARY STATEMENT

*Elliott* Counsel have demonstrated their qualifications to represent the consumer class by aggressively pursuing arbitrations, defeating Valve's arbitration clause, and making class litigation possible. With a superior track record representing class plaintiffs in groundbreaking antitrust litigation, and with no divided loyalties, *Elliott* Counsel offer the consumers the best possible representation.

Vorys' opposition does not meaningfully grapple with Vorys' inescapable conflict, nor the governing Rule 23(g) factors. As court-appointed counsel to the publishers, Vorys' position is that damages must be allocated between publishers and consumers, and as Vorys' co-counsel have observed, this disqualifies the same counsel from representing both publishers and consumers. 'Conflicts aside, Vorys does not identify any significant experience representing class plaintiffs in antitrust litigation, nor any results generated on their behalf, whereas *Elliott* Counsel have pursued some of the most impactful antitrust class actions in the last decade. *Elliott* Counsel has the clear experience advantage.

Valve's separate opposition to *Elliott* Counsel's appointment amounts to a fox attempting to guard the henhouse. Because defendants want to face the *least* capable opposing counsel, their views on class leadership are afforded little weight. Valve's opposition here is particularly suspect because the asserted "conflict" Valve identifies—Bucher Law's concurrent representation of different class and arbitration plaintiffs—is both not a conflict and, if it were, it could be disqualifying only as to *Vorys*. This is because *Elliott* Counsel have separate counsel (Hagens Berman) representing the class only, a structural protection that Vorys, in seeking an

---

[1] For the convenience of the Court, this Omnibus Reply responds to both Vorys' and Valve's respective opposition briefs. Neither 'Vorys nor Valve objects to *Elliott* Plaintiffs submitting an omnibus reply. Dkt. No. 40.

OMNIBUS REPLY ISO MOTION TO APPOINT
INTERIM CO-LEAD CLASS COUNSEL - 1
CASE NO. 2:24-CV-01218-JNW
011258-11/2848483 V1


1301 Second Avenue, Suite 2000, Seattle, WA 98101
(206) 623-7292 OFFICE    (206) 623-0594 FAX

exclusive appointment, cannot offer. That Valve has only opposed *Elliott* Counsel's appointment serves mainly to confirm that *Elliott* Counsel provide consumers with the most formidable representation.

## II. ARGUMENT

### A. Vorys' opposition does not meaningfully engage its conflict or the applicable Rule 23(g) factors.

#### 1. Vorys has a disqualifying conflict of interest.

*Elliott* Plaintiffs address Vorys' conflict at length in their opposition to Vorys' parallel motion to be appointed lead. *See In re Valve Antitrust Litig.*, No. 21-cv-563-JNW (W.D. Wash.) ("*Wolfire*"), Dkt. No. 378 at 2-4, 6-9. To briefly summarize, Vorys already represents game publishers challenging Valve's conduct, and Vorys' theory of damages is that a finite overcharge needs to be allocated *between* those publishers and the consumers Vorys now seeks to simultaneously represent. *See id.* at 3, 7. It is a zero-sum game, and Vorys' own co-counsel admit it presents a "fundamental conflict" that precludes Vorys from representing both publishers and developers. And the problem is not isolated to damages because it also bears on consumers' ability to establish antitrust impact (a liability element) on a classwide basis. *See id.* at 4. Vorys identifies no precedent for the dual representation it proposes. It would be contrary to established practice in antitrust (and other) litigation and imperil any future judgment or settlement in the consumer case. *See id.* at 7-8.

*Elliott* Counsel have asked a legal ethics expert—Merri Baldwin, Esq.—to evaluate whether Vorys' concurrent representation of publishers and developers would present a conflict of interest. *See* Expert Report of Merri Baldwin ("Baldwin Rep."). Ms. Baldwin is a Washington and California-barred attorney who teaches professional responsibility at Berkeley School of Law. She is a member of the California Lawyers Association of Legal Ethics Committee and the former chair of the State Bar of California Standing Committee on Professional Responsibility and Conduct. She regularly advises law firms on professional responsibility and testifies as an expert on legal ethics. *See* Baldwin Rep. ¶¶ 4-7.

OMNIBUS REPLY ISO MOTION TO APPOINT
INTERIM CO-LEAD CLASS COUNSEL - 2
CASE NO. 2:24-cv-01218-JNW
011258-11/2848483 V1



1  Ms. Baldwin's expert opinion is that "the concurrent representation of the publisher
2  plaintiffs and the consumer plaintiffs by the same law firm would violate Rule 1.7 because,
3  pursuant to the damages model that I understand the Vorys firm has advanced, the two classes of
4  plaintiffs would have directly competing claims to the same, limited set of damages." *Id.* ¶ 15.
5  Ms. Baldwin concludes that this is a "clear violation of the duty of loyalty, and thus a conflict of
6  interest, with serious ramifications for the firm's handling of the matter." *Id.* Ms. Baldwin is not
7  aware of any similar case where such concurrent representation was permitted. *See id.*

8  Ms. Baldwin's views align with an ethics opinion submitted in *In re Broiler Chicken*
9  *Antitrust Litigation*, 16-cv-8637 (N.D. Ill.), which likewise involved attorneys seeking to
10 concurrently represent two antitrust classes pursuing recovery from a common overcharge that
11 required allocation. The ethics expert in that case similarly opined that "it is not reasonable
12 under the circumstances presented here to believe that the same lawyer can provide competent
13 and diligent representation to each affected class." Berman Decl. Ex. 1 at 5. The court agreed
14 and appointed separate counsel. *See id.*, Ex. 2.

15 **2.     Vorys' experience does not compare with *Elliott* Counsel's.**

16 When leadership is disputed, as here, courts must assess the relative "experience" of the
17 competing firms at "handling class actions, other complex litigation, and the types of claims
18 asserted in the action." Fed. R. Civ. P. 23(g)(1)(A)(ii); *see also Napoleon v. Amazon.com, Inc.*,
19 2024 WL 3652873, at *3 (W.D. Wash. Aug. 5, 2024) (appointing counsel with experience
20 advantage).

21 Notably absent from Vorys' opposition is any such comparison. The reason, respectfully,
22 is that Vorys' experience does not favorably compare. *Elliott* Counsel have represented class
23 plaintiffs in some of the most substantial antitrust class actions in recent memory, including a
24 range of groundbreaking cases in the technology space involving comparable claims against
25 Apple, Google, Amazon, and others. *See* Dkt. Nos. 26, 26-1 at 3-5. *Elliott* Counsel have
26 recovered billions for class plaintiffs, and they have received numerous accolades for these
27 results, including the American Antitrust Institute's Outstanding Antitrust Litigation
28 Achievement award (multiple times), among others. *See* Dkt. No. 26-1 at 40.

OMNIBUS REPLY ISO MOTION TO APPOINT
INTERIM CO-LEAD CLASS COUNSEL - 3
CASE NO. 2:24-CV-01218-JNW
011258-11/2848483 V1

HAGENS BERMAN
1301 Second Avenue, Suite 2000, Seattle, WA 98101
(206) 623-7292 OFFICE    (206) 623-0594 FAX

Vorys' application indicates that Vorys has been involved in some individual antitrust opt-out litigation and defense-side work. *See Wolfire*, Dkt. No. 374 at ¶ 8-11. Vorys' application does not identify any significant antitrust cases in which Vorys was appointed to *lead a class*, nor any such case where Vorys secured a recovery. Vorys may see this case as a breakthrough opportunity to develop a plaintiff-side antitrust class action practice, but Rule 23 requires an assessment of competing firms' "experience," not their aspirations. *See* Fed. R. Civ. P. 22(g)(1)(A)(ii); *see also Lowery v. Spotify USA Inc.*, 2016 WL 6818756, at *4 (C.D. Cal. May 23, 2016) (appointing lead counsel with the most "plaintiffs-side experience").

*Elliott* Counsel are also local. Hagens Berman is headquartered in Seattle and is leading some of the most significant antitrust class-action litigation pending in this district, including *Frame-Wilson v. Amazon*, 20-cv-424 (W.D. Wash.), *Duffy v. Yardi Systems, Inc.*, 23-cv-1391 (W.D. Wash.), and *Floyd v. Amazon & Apple*, 22-cv-1599 (W.D. Wash.). By contrast, Vorys is based in Ohio and is not even seeking appointment of local counsel. *See Napoleon*, 2024 WL 3652873, at *3 (advantage given to "known and respected law firm in this Western District").

### 3. Vorys' efforts on behalf of *consumers* are limited.

Vorys challenges *Elliott* Counsel's appointment primarily on the ground that Vorys was first to file consumer claims in federal court, but "[b]eing the first to the file bears no relationship to the quality of representation a law firm will provide, which is the Court's primary concern." *Napoleon*, 2024 WL 3652873, at *3. Moreover, Vorys affirmatively dropped its consumer claims *more than two years* ago. *See Wolfire*, Dkt. No. 378 at 4-5. Scrambling for an explanation, Vorys asserts this was required by the arbitration stay. *See* Dkt. No. 36 n.1 ("[G]iven the stay of the consumer claims, any amendment could not include those claims."). Respectfully, that is not true. A stayed claim must be preserved like any other. Recognizing this, when Vorys first amended its complaint after the arbitration stay, it *included* the stayed consumer claims. *See Wolfire*, Dkt. No. 68. Vorys only dropped consumers *later* to secure appointment as counsel to publishers. *See id.*, Dkt. No. 378 at 4-5. It did so at its own peril, because "[a]s a general rule, when a plaintiff files an amended complaint, '[t]he amended

OMNIBUS REPLY ISO MOTION TO APPOINT
INTERIM CO-LEAD CLASS COUNSEL - 4
CASE NO. 2:24-CV-01218-JNW
011258-11/2848483 V1

HAGENS BERMAN
1301 Second Avenue, Suite 2000, Seattle, WA 98101
(206) 623-7292 OFFICE    (206) 623-0594 FAX

1  complaint supercedes the original, the latter being treated thereafter as non-existent.'" *Rhodes v.*
2  *Robinson*, 621 F.3d 1002, 1005 (9th Cir. 2010) (second alteration in original).

3  It is only now, after Bucher Law successfully challenged Valve's arbitration provision,
4  that Vorys seeks to revive a consumer case. How it will do so remains a mystery. But
5  regardless, given the circumstance, Vorys cannot legitimately accuse *Elliott* Counsel of
6  "piggybacking." Vorys asserts this only by disregarding Bucher Law's efforts to defeat Valve's
7  arbitration provision and by selectively quoting from *Elliott* Plaintiffs' complaint. Contrary to
8  Vorys' contentions, the *Elliott* Plaintiffs' claims are not "duplicative." *See* Dkt. No. 34-1 at 4.
9  Again, Vorys knows this. Most prominently, Vorys' complaint omits viable monopolization and
10 tying claims concerning a *separate* antitrust market for PC In-Game Payment Processing. These
11 claims were developed by the *Elliott* Plaintiffs and are asserted in their pleading only, along with
12 a bevy of allegations emphasizing the unique injuries suffered by consumers. *See* Dkt. No. 1,
13 ¶¶ 61-68, 203-223, 104-107, 233-245, 140-166; *see also* Berman Decl. ¶ 2.[2]

14 Beyond that, Vorys did not innovate the antitrust theory of these cases, Hagens Berman
15 did. In 2020, about a year before Vorys challenged Valve's platform most-favored nation clause
16 (or "PMFN"), Hagens Berman pioneered the theory that vertical PMFNs can restrict price
17 competition in violation of the Sherman Act. *See* Berman Decl. Ex. 3 (*Frame-Wilson v.*
18 *Amazon.com*) ¶ 42 ("PMFN clauses typically result in noncompetitive fees, because they
19 discourage the entry of new platforms who would otherwise challenge the incumbents by
20 offering sellers lower fees."); ¶ 57 (alleging that PMFNs "soften price competition[] and lead to
21 higher prices"). This thesis was widely adopted in subsequent litigation, including by the FTC.[3]
22 And it was likewise adopted by Vorys with allegations that bear a striking resemblance to
23 Hagens Bermans' precipitating action. *See, e.g.*, Berman Decl. Ex. 4 (*Colvin v. Valve Corp.*)
24 ¶ 47.

---

27 [2] Vorys' contention that a slide deck prepared by Mr. Bucher more than two years ago evinces a "copycat" approach is belied by the content of that presentation, as already addressed. *See Wolfire*, Dkt. No. 378 at 11.

28 [3] *See FTC v. Amazon.com, Inc.*, 23-cv-1495 (W.D. Wash. Nov. 2, 2023).

OMNIBUS REPLY ISO MOTION TO APPOINT
INTERIM CO-LEAD CLASS COUNSEL - 5
CASE NO. 2:24-CV-01218-JNW
011258-11/2848483 V1

HAGENS BERMAN
1301 Second Avenue, Suite 2000, Seattle, WA 98101
(206) 623-7292 OFFICE   (206) 623-0594 FAX

When it comes to attorney hours devoted to the consumer cause, *Elliott* Counsel have the upper hand as well. Collectively, *Elliott* Counsel have spent more than 4,000 hours pursuing *consumer* claims against Valve. *See* Bucher Decl. ¶ 2; *see also* Berman Decl. ¶ 2.[4] Vorys claims to have spent 6,000 hours total in litigation with Valve, but the bulk of those efforts were on behalf of *publishers* and, contrary to Vorys' claims, this did not "work[] to the benefit of the Consumer Plaintiffs." Dkt. No. 34-1 at n.2. For example, Vorys boasts that it "worked extensively . . . on the expert report of Dr. Steve Schwartz, Ph.D." Dkt. No. 37 ¶ 22. But that is the report that assigned publishers 75-80% of recoverable damages, shortchanging consumers.

**B.     Valve's opposition to facing *Elliott* Counsel confirms that *Elliott* Counsel can best represent the Consumer Class.**

**1.     Defendants do not get to select their preferred opponent.**

When assessing which counsel should lead a class, "courts are generally skeptical of defendants' ethical attacks on class counsel." *In re Pfizer Inc. Sec. Litig.*, 282 F.R.D. 38, 47 (S.D.N.Y. 2012).[5] The reason is that defendants are incentivized to "object to class counsel who are, in fact, best suited to protect the class and represent its interests." *Id.* Crediting a defendant's views on the appropriate class counsel is akin to "permitting a fox . . . to take charge of the chicken house." *Id.* (alteration in original) (citation omitted); *see also In re Twitter Inc. Sec. Litig.*, 326 F.R.D. 619, 628 (N.D. Cal. 2018) ('noting "it is unlikely that [defendant] has the class's interests in mind"). Skepticism is particularly appropriate here because, as addressed below, the supposed "conflict" Valve attributes to *Elliott* Counsel—arising from Bucher Law's representation of individual claimants in arbitration—is not a conflict at all. And if it were, it would be disqualifying only for Vorys, who Valve tellingly has not sought to disqualify.

**2.     Valve is judicially estopped from opposing *Elliott* Counsel's appointment.**

Valve has been pursuing stays of Bucher Law's individual arbitrations on the ground that the claimants can proceed with their "chosen counsel" in this proposed class action. *See* Bucher

---

[4] Vorys contends that these hours include Bucher Law's "marketing" efforts, *See* Dkt. No. 34-1, n. 2. Not so. *See* Bucher Decl. ¶ 2.

[5] Internal quotation marks omitted here and throughout.

OMNIBUS REPLY ISO MOTION TO APPOINT
INTERIM CO-LEAD CLASS COUNSEL - 6
CASE NO. 2:24-CV-01218-JNW
011258-11/2848483 V1

**HAGENS BERMAN**
1301 Second Avenue, Suite 2000, Seattle, WA 98101
(206) 623-7292 OFFICE     (206) 623-0594 FAX

Decl. Ex. 1 (requesting stay on ground that "each Claimant's claims against Valve are still being pursued by their chosen counsel—just in a different forum"). Some arbitrators accepted Valve's argument and stayed arbitrations in lieu of this action. *See id.* ¶ 8. Having prevailed with this tactic, Valve is judicially estopped from taking the opposite position in this Court, i.e., arguing that Bucher Law cannot represent the class. *See Hamilton v. State Farm Fire & Cas. Co.*, 270 F.3d 778, 782 (9th Cir. 2001) ("Judicial estoppel is an equitable doctrine that precludes a party from gaining an advantage by asserting one position, and then later seeking an advantage by taking a clearly inconsistent position.").

### 3. *Elliott* Counsel do not have a conflict of interest.

To the extent the Court reaches Valve's arguments, they have no merit. There is no conflict to representing a proposed class and separate individual claimants who have elected to challenge Valve's conduct in arbitration. Both the class and arbitration plaintiffs share the same objective—holding Valve accountable for its anticompetitive conduct. Their theories of impact, liability, and damages are the same. Far from conflicting, their actions complement one another.

In her accompanying report, ethics expert Merri Baldwin concludes that "the fact that Bucher Law jointly represents plaintiffs who have chosen to arbitrate claims as well as the proposed consumer class should not create a conflict under Rule 1.7." Baldwin Rep. ¶ 22. Ms. Baldwin opines that representing claimants in arbitration "does not create any obvious risk of negatively impacting counsel's representation of the class," and that Valve has identified only the "hypothetical possibility" of conflicts "that exists whenever counsel represents more than one client." *Id.* Ms. Baldwin also concludes that because Hagens Berman does not represent any arbitration claimants, this "operates to protect the class from any impact of possible conflicts by joint counsel, even if there were such conflicts." *Id.* ¶ 23.

Ms. Baldwin's opinions are well supported. A leading class action treatise—ignored by Valve—specifically recognizes that "counsel may seek to represent another party or class, or the same class, in a separate proceeding in a different forum based on the same facts and legal theory." Newberg and Rubenstein on Class Actions § 3:75 (6th ed.); *Bolding v. Banner Bank*, 2021 WL 1171988, at *3 (W.D. Wash. Mar. 29, 2021) (rejecting notion that "there is some sort

OMNIBUS REPLY ISO MOTION TO APPOINT
INTERIM CO-LEAD CLASS COUNSEL - 7
CASE NO. 2:24-cv-01218-JNW
011258-11/2848483 V1

HAGENS BERMAN
1301 Second Avenue, Suite 2000, Seattle, WA 98101
(206) 623-7292 OFFICE    (206) 623-0594 FAX

1  of bar preventing class counsel from simultaneously representing a class and prosecuting an
2  individual claim against the same defendant in a different proceeding"); *Bell v. Disner*, 2018 WL
3  296035, at *3 (W.D.N.C. Jan. 4, 2018) ("Courts have generally held that the mere existence of
4  parallel representation does not create an insurmountable conflict of interest"), *aff'd sub nom.*
5  *Bell v. Brockett*, 922 F.3d 502 (4th Cir. 2019).[6]

6        In fact, this type of concurrent representation can be *advantageous* to the class because it
7  can "enable counsel to leverage a better settlement for both sets of plaintiffs due to a defendant's
8  desire to obtain a global resolution." Newberg § 3:75. It can also "benefit the class to the extent
9  that class counsel gain useful legal and factual knowledge in pursuing the concurrent action." *Id.*

10        As the Newberg treatise points out, only a "few courts" have denied "simultaneous
11  representation of multiple sets of litigants," and they have done so "only when the recovery of
12  one group or in one forum inherently conflicts with the other." *Id*. The prime example is a
13  "limited fund situation[]," *id.*, where through insolvency or otherwise a fund has been set aside to
14  "satisfy all claims." *Mongue v. Wheatleigh Corp.*, 2023 WL 5435918, at *6 (D. Mass. Aug. 23,
15  2023); *Stott v. Cap. Fin. Servs., Inc.*, 277 F.R.D. 316, 326 (N.D. Tex. 2011) (noting that "limited
16  fund" cases involve claims to a "tangible fund, such as a bank account, trust, insurance policy or
17  proceeds from a sale of an asset"). Class and arbitration plaintiffs are not competing over a
18  limited fund here. Valve is very much a going concern, and any judgments against Valve will
19  run against Valve, not a discrete fund set aside to satisfy claims.

20        As for case law, Valve has obviously struggled to find authority outside the inapplicable
21  limited fund context where concurrent representation was considered disqualifying. Valve cites
22  just three cases, and they are readily distinguishable because they either involved counsel
23  pursuing parallel *class actions*,[7] or representation of the *same named plaintiffs* in both a class

---

[6] *Wallace v. Powell*, No. 2013 WL 2042369, at *9 (M.D. Pa. May 14, 2013) (allowing concurrent representation of class and individual plaintiffs because they "pursue the same goal"); *Gutierrez-Bejar v. SOS Int'l, LLC*, 2019 WL 5683901, at *12 (C.D. Cal. Nov. 1, 2019) ("[B]ecause each action concerned the assertion of similar rights, there was no conflict of interest for Class Counsel.").

[7] *Lou v. Ma Labs., Inc.*, 2014 WL 68605, at *2, 5 (N.D. Cal. Jan. 8, 2014) (involving parallel class cases, with court acknowledging that counsel *could* concurrently represent class in one

OMNIBUS REPLY ISO MOTION TO APPOINT
INTERIM CO-LEAD CLASS COUNSEL - 8
CASE NO. 2:24-CV-01218-JNW
011258-11/2848483 V1

HAGENS BERMAN
1301 Second Avenue, Suite 2000, Seattle, WA 98101
(206) 623-7292 OFFICE    (206) 623-0594 FAX

case and parallel individual actions.[8]  Here, by contrast, *Elliott* Counsel have not filed parallel class actions, and the named *Elliott* Plaintiffs are not pursuing arbitrations.

Valve also relies on McLaughlin on Class Actions for the proposition that "'[c]ourts have consistently held that counsel cannot simultaneously represent a class and prosecute either individual or class claims against the same defendants in a different proceeding . . . .'"  Dkt. No. 32 at 6 (quoting McLaughlin on Class Actions § 4:39 (20th ed.)).  The cases McLaughlin cites involved a "limited fund" scenario, which this is not, and other distinguishable circumstances just addressed.  But putting that aside, *the very next sentence* of the treatise, which Valve omits, states the obviously applicable caveat:

> Where multiple, separate counsel jointly represent the class, however, absent an actual conflict the simultaneous representation of individuals or another class by a member of the counsel group against the same defendants is not disqualifying.

McLaughlin on Class Actions § 4:39 (20th ed.).

In other words, when a class has joint representation, and one attorney group is not subject to the asserted conflict, this effectively "assuages any additional concerns that a conflict . . . may . . . adversely affect[] the adequacy of representation." *Rodriguez v. W. Publ'g Corp.*, 563 F.3d 948, 961 (9th Cir. 2009); *Ruderman ex rel. Schwartz v. Wash. Nat'l Ins. Co.*, 263 F.R.D. 670, 685 (S.D. Fla. 2010) (noting that class counsel not involved in concurrent representation will "not allow their colleague to put the interests of his individual cases before the interests of the class").  That safeguard is in place here.  Hagens Berman does not represent any individual claimant in arbitration, nor will it.  *See* Berman Decl. at ¶ 3.  Accordingly, while the arbitration claimants and class are aligned in their objectives, with no inherent conflict, Hagens Berman provides further structural assurance of adequate representation.  *See* Baldwin Rep. ¶ 23.

---

action and individual plaintiffs in another); *Krim v. pcOrder.com, Inc.*, 210 F.R.D. 581, 590 (W.D. Tex. 2002) (involving overlapping class actions).

[8] *Kurczi v. Eli Lilly & Co.*, 160 F.R.D. 667, 679 (N.D. Ohio 1995) (emphasizing that counsel represented the same "individual plaintiffs in the parallel state action").

OMNIBUS REPLY ISO MOTION TO APPOINT
INTERIM CO-LEAD CLASS COUNSEL - 9
CASE NO. 2:24-CV-01218-JNW
011258-11/2848483 V1

HAGENS BERMAN
1301 Second Avenue, Suite 2000, Seattle, WA 98101
(206) 623-7292 OFFICE    (206) 623-0594 FAX

Valve also ignores that Vorys also filed thousands of arbitrations against Valve. *See* Bucher Decl. ¶ 6. But unlike Bucher Law, Vorys is seeking appointment as the exclusive consumer counsel. Accordingly, if concurrent representation of class and arbitration claimants presented a conflict (it does not), it could only be a disqualifying conflict for Vorys. That Valve has sought to disqualify *Elliott* Counsel for a conflict that, if it applied at all, could only disqualify Vorys, speaks volumes about Valve's motivations.

With no actual conflict to point to, Valve ultimately resorts to speculation that *Elliott* Counsel will "sell out the absent class members." Dkt. 32 at 7. But there is no reason to assume this, particularly when absent class members and individual claimants share the same interest in holding Valve accountable, on the same legal theories. Courts do not disqualify counsel based on speculation of conflicts. *See Sandoval v. M1 Auto Collisions Centers*, 309 F.R.D. 549, 569 (N.D. Cal. 2015) (disqualification inappropriate for conflicts that "are illusory and speculative," particularly where there are "co-counsel untainted by the [supposed] conflict.").

### 4. Valve's grab bag of other asserted "conflicts" should be rejected.

Valve also launches an assortment of other "conflicts" arguments in hopes something sticks. None of these arguments is persuasive.

*First*, Valve contends that Bucher Law has taken inconsistent positions on the legal effect of Valve removing its arbitration clause. But even if inconsistent positions were somehow a conflict of *interest*,[9] there is no inconsistency here. To be clear, Bucher Law's position is that its successful challenge to Valve's arbitration provision permits consumers to participate in this class action. But having already compelled arbitration under its prior consumer agreements, Valve is precluded by estoppel and other applicable doctrines from unilaterally divesting arbitrators of jurisdiction over pending arbitrations, several of which are just months from merits hearings. *See* Bucher Decl. Ex. 2 at § IV; *id.* ¶ 5. In short, Bucher Law's position is that consumers are not *required* to arbitrate, but if they were privy to Valve's prior consumer

---

[9] *See Sandoval*, 309 F.R.D. at 570 (holding that an asserted "inconsistency alone does not show that counsel has a conflict of interest").

OMNIBUS REPLY ISO MOTION TO APPOINT
INTERIM CO-LEAD CLASS COUNSEL - 10
CASE NO. 2:24-CV-01218-JNW
011258-11/2848483 V1

HAGENS BERMAN
1301 Second Avenue, Suite 2000, Seattle, WA 98101
(206) 623-7292 OFFICE   (206) 623-0594 FAX

agreements, they can elect to arbitrate. Some of Bucher Law's clients have made that election.[10] There is no conflict between this legal position on arbitrability and the pursuit of a class case on behalf of consumers who wish to seek relief through that vehicle. In every opt-out class action class members have the ability to pursue individual claims from the outset. As already addressed, courts recognize that there is no inherent conflict in this.[11]

*Second*, Valve asserts that *Elliott* Counsel somehow acknowledge a conflict by alleging that "the prosecution of separate actions by individual Class members would create a risk of inconsistent or varying adjudications, establishing incompatible standards of conduct for Defendant." Dkt. No. 1, ¶ 176. But there is nothing inconsistent in Bucher Law representing individual claimants who have chosen to pursue individual arbitrations, while recognizing that class treatment is superior for the overwhelming majority who have not made that election. *See Whitman v. State Farm Life Ins. Co.*, 2021 WL 4264271, at *10 (W.D. Wash. Sept. 20, 2021) (class treatment generally superior where "individual recovery is relatively small"). Individual claimants have every right to preserve their individual claims, particularly when Valve can be expected to oppose class certification.

*Third*, Valve contends that *Elliott* Counsel "*may have* conflicting incentives arising from differing compensation arrangements." Dkt. No. 32 at 7 (emphasis added). The speculation here is that Bucher Law's retainer for arbitrations may permit for a higher contingency fee percentage than *Elliott* Counsel could receive on class claims, and that *Elliott* Counsel thus "may favor arbitration claimants over the class." *Id.* at 8. In addition to being conjectural, this asserted conflict is just nonsense. Individual arbitrations involve a substantial amount of attorney labor, for limited recovery and thus limited contingency fees. Many of the claimants here have just a

---

[10] Notably, Vorys likewise questions the retroactive effect of Valve's contractual modifications. *See Wolfire*, Dkt. No. 370 at 2 n.2 ("Whether the changes can apply retroactively to any dispute commenced by an individual consumer under the previous terms of the SSA is an open question.").

[11] Valve relies on *O'Connor v. Uber Techs., Inc.*, 904 F.3d 1087, 1094 (9th Cir. 2018), but that case suggests no conflict of interest. *O'Connor* merely recognized that a certified class cannot include consumers who are *compelled* to arbitrate their claims. Valve does not claim anyone remains *compelled* to arbitrate here, and Bucher Law agrees.

OMNIBUS REPLY ISO MOTION TO APPOINT
INTERIM CO-LEAD CLASS COUNSEL - 11
CASE NO. 2:24-CV-01218-JNW
011258-11/2848483 V1

HAGENS BERMAN
1301 Second Avenue, Suite 2000, Seattle, WA 98101
(206) 623-7292 OFFICE    (206) 623-0594 FAX

few hundred dollars in damages. If *Elliott* Counsel were driven by contingency fees, they would have no incentive to siphon consumers out of the class case (where claims, and thus contingency fees, are aggregated) to bring individual arbitrations. *See Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 617 (1997) (observing that the whole purpose of class actions is to aggregate "relatively paltry potential recoveries into something worth someone's (usually an attorney's) labor.").

### III.   CONCLUSION

For the foregoing reasons, *Elliott* Counsel's motion to be appointed lead counsel for the consumer class should be granted.

DATED: October 23, 2024                    Respectfully submitted,

HAGENS BERMAN SOBOL SHAPIRO LLP

/s/ *Steve W. Berman*
Steve W. Berman (WSBA No. 12536)

/s/ *Xiaoyi Fan*
Xiaoyi Fan (WSBA No. 56703)
1301 Second Avenue, Suite 2000
Seattle, WA 98101
Telephone: (206) 623-7292
Facsimile: (206) 623-0594
E-mail:   steve@hbsslaw.com
E-mail:   kellyf@hbsslaw.com


Ben M. Harrington (*pro hac vice*)
HAGENS BERMAN SOBOL SHAPIRO LLP
715 Hearst Avenue, Suite 300
Berkeley, CA  94710
Telephone: (510) 725-3034
Facsimile: (510) 725-3001 fax
E-mail:        benh@hbsslaw.com


William Ward Bucher IV  (*pro hac vice* pending)
BUCHER LAW PLLC
350 Northern Blvd, Ste. 324 -1519
Albany, NY 12204-1000
Telephone: (202) 997-3029
Email: will@bucherlawfirm.com

*Attorneys for Plaintiffs*

OMNIBUS REPLY ISO MOTION TO APPOINT
INTERIM CO-LEAD CLASS COUNSEL - 12
Case No. 2:24-cv-01218-JNW
011258-11/2848483 V1



## CERTIFICATE OF COMPLIANCE WITH WORD LIMIT

I hereby certify that this memorandum contains 4,197 words, excluding the caption, table of contents, table of authorities, signature blocks, and certificate of service, in compliance with the Local Civil Rules.

DATED this 23rd day of October, 2024.

*/s/ Steve W. Berman*
Steve W. Berman

## CERTIFICATE OF SERVICE

I hereby certify that on October 23, 2024, a true and correct copy of the foregoing was filed electronically by CM/ECF, which caused notice to be sent to all counsel of record.

*/s/ Steve W. Berman*
Steve W. Berman

OMNIBUS REPLY ISO MOTION TO APPOINT
INTERIM CO-LEAD CLASS COUNSEL - 13
Case No. 2:24-cv-01218-JNW
011258-11/2848483 V1



HAGENS BERMAN
1301 Second Avenue, Suite 2000, Seattle, WA 98101
(206) 623-7292 OFFICE   (206) 623-0594 FAX