UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| IN RE VALVE ANTITRUST LITIGATION | No. 2:21-cv-00563-JNW<br><br>ORDER CONSOLIDATING CASES AND SETTING BRIEFING SCHEDULE |
| JOHN ELLIOTT, RICARDO CAMARGO, JAVIER ROVIRA, and BRADLEY SMITH,<br><br>Plaintiffs,<br><br>v.<br><br>VALVE CORPORATION,<br><br>Defendant. | No. 2:24-cv-01218-JNW |
| CONNOR HEPLER and AARON LANCASTER, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>VALVE CORPORATION,<br><br>Defendant. | No. 2:24-cv-01735-JNW |

BRANDON DRAKE and ERIC SAAVEDRA, individually and on behalf of all others similarly situated,

Plaintiffs,

v.

VALVE CORPORATION,

Defendant.

No. 2:24-cv-01743-JNW

## 1. CONSOLIDATION

There are several related cases pending before this Court: (1) *In re Valve Antitrust Litigation,* Case No. 2:21-cv-00563; (2) *Elliott v. Valve Corp.*, Case No. 2:24-cv-01218-JNW; (3) *Hepler v. Valve Corp.*, Case No. 2:24-cv-01735-JNW; and (4) *Drake v. Valve Corp.*, Case No. 2:24-cv-01743-JNW. The plaintiffs in all cases include PC video game consumers, and they allege that Defendant Valve Corp. has used anticompetitive restraints on trade to monopolize the PC game distribution market thereby harming consumers. *In re Valve Antitrust Litigation*[1] was the first filed case, but because of a litigation stay, it and the other cases are in the relatively early stages of litigation. The cases all involve a common defendant, involve common questions of law, and arise from the same set of facts.

“If actions before the court involve a common question of law or fact, the court may: (1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or

[1] *In re Vale Antitrust Litigation* is a consolidated case, and the member cases are: *Dark Catt Studios Holdings Inc. et al. v. Valve Corp.*, Case No. 2:21-cv-00872 (involving game developer claims against Valve), and *Colvin et al. v. Valve Corp. et al.*, Case No. 2:21-cv-00650-JCC (putative PC video game consumer class).

delay." Fed. R. Civ. P. 42(a). "District courts have 'broad discretion under this rule to consolidate cases pending in the same district.'" *Abbott v. Amazon.com Inc.*, No. 2:23-CV-1372-JNW, 2023 WL 7496362, at *1 (W.D. Wash. Nov. 13, 2023) (quoting *Investors Rsch. Co. v. U.S. Dist. Ct. for the Cent. Dist. of Cal.*, 877 F.2d 777, 777 (9th Cir. 1989)). In fact, "trial courts may consolidate cases sua sponte." *In re Adams Apple, Inc.*, 829 F.2d 1484, 1487 (9th Cir. 1987). In deciding whether consolidation is appropriate, courts consider "the interest of judicial convenience against the potential for delay, confusion and prejudice caused by consolidation." *Denise S. v. Foreman*, No. 2:22-CV-09237-MEMF-PD, 2024 WL 2002217, at *1 (C.D. Cal. Apr. 26, 2024) (quoting *Knox v. Yingli Green Energy Holding Co.*,136 F. Supp. 3d 1159, 1162 (C.D. Cal. 2015)); *see Pecznick v. Amazon.com, Inc.,* No. 2:22-CV-00743-TL, 2022 WL 4483123, at *3 (W.D. Wash. Sept. 27, 2022) ("Factors relevant to the analysis include judicial economy, whether consolidation would expedite resolution of the case, whether separate cases may yield inconsistent results, and the potential prejudice to a party opposing consolidation." (internal quotations omitted)).

The Court finds that given the sole defendant and overlapping factual and legal issues, consolidation will promote judicial economy, ensure consistent results, and streamline matters overall. The parties acknowledge and accept that consolidation is the most sensible plan. *See In re Valve Antitrust Lit.* Dkt. No. 373; *Elliott* Dkt. No. 49. On its own accord, the Court exercises its discretion to consolidate the pending putative consumer class action cases against Valve.

The Court ORDERS as follows:

1.1 Under Rule 42(a), *In re Valve Antitrust Litigation,* No. 2:21-cv-00563; *Elliott v. Valve Corp.*, Case No. 2:24-cv-01218-JNW; *Hepler v. Valve Corp.*, Case No. 2:24-cv-01735-JNW; and *Drake v. Valve Corp.*, Case No. 2:24-cv-01743-JNW are consolidated for all purposes. If developments in the case show that consolidation is no longer justified, the parties may move for appropriate relief.

1.2 Since it's the lowest-numbered case, *In re Valve Anitrust Litigation* will constitute the main docket for the consolidated action, and all future filings must be made under Case No. 2:21-cv-00563-JNW and should be captioned as:

| IN RE VALVE ANTITRUST LITIGATION | No. 2:21-cv-00563-JNW |
|---|---|
| This Filing Relates to:<br>[ALL ACTIONS] | |

1.3 When filing a document that pertains to all actions, the phrase "ALL ACTIONS" must appear just after the phrase "This Document Relates To" in the caption. When a filing pertains to some, but not all, actions, the document must list the docket number for each individual action to which the document applies and the last name of the first-listed

plaintiff in the relevant action just after the phrase "This Document Relates To."

1.4 The motion to consolidate in *Elliott,* Dkt. No. 49, is DENIED as moot. The Clerk is DIRECTED to leave the motion at *In re Valve Antitrust Lit.,* Dkt. No. 373 pending, as it includes a separate motion for appointment of interim lead class counsel that has not yet been decided.

1.5 The motion to intervene in *In re Valve Antitrust Lit.*, Dkt. No. 377, is GRANTED.

1.6 The motion to intervene in *Elliott*, Dkt. No. 33, is DENIED as moot.

## 2. INTERIM LEAD CLASS COUNSEL

Relatedly, Sean Colvin, Susann Davis, Hope Marchionda, Everett Stephens—the putative consumer class plaintiffs in *In re Valve Antitrust Litigation* ("Colvin Plaintiffs")—have moved to appoint their attorneys ("Colvin Counsel") as interim lead counsel for any putative consumer class. John Elliott, Ricardo Camargo, Javier Rovira, and Bradley Smith—the putative consumer class plaintiffs in *Elliott* ("Elliott Plaintiffs")—oppose this motion and move to appoint their attorneys as class counsel ("Elliott Counsel").

To ensure that all parties have their say about who should be appointed as interim class counsel for the putative consumer class in light of the Court's consolidation order, and to promote efficiency, the Court ORDERS:

2.1 The deadline for the Colvin and Elliott Plaintiffs to amend their motions to appoint interim lead class counsel for the putative consumer class is **December 20, 2024.**

2.2 To date, the Hepler and Drake Plaintiffs have not filed or joined a motion addressing interim lead class counsel. Thus, they may, but need not, file a motion to appoint interim lead class counsel by **December 20, 2024.**

2.3 The response deadline for any amended motion to appoint interim lead class counsel is **January 10, 2025.** If the moving party was entitled to file an amended motion but chose not to do so, the responding party may still amend any previously filed response to account for new developments in Valve-related litigation. Each Party may file **one, consolidated response brief**, not to exceed **8,400 words.**

2.4 The deadline to file a reply, if any, is **January 17, 2025.** Each Party may file **one, consolidated reply brief**, not to exceed **4,200 words.**

2.5 The Clerk is DIRECTED to issue this Order on the dockets of *Elliott v. Valve Corp.*, Case No. 2:24-cv-01218-JNW; *Hepler v. Valve Corp.*, Case No. 2:24-cv-01735-JNW; and *Drake v. Valve Corp.*, Case No. 2:24-cv-01743-JNW.

Dated this 6th day of December, 2024.

Jamal N. Whitehead
United States District Judge